# Lehigh Coal and Navigation Company *against* Northampton County.

The bed, berm-bank and tow-path of an incorporated canal are not taxable as land or real estate under the Acts of 15th April 1834 and 29th April 1844.

Nor are the toll-houses and collectors' offices belonging to the canal and incident thereto.

ERROR to the Common Pleas of *Northampton* county.

The following case was stated in the court below, in which the defendant in error was plaintiff, and the plaintiff in error defendant, in the nature of a special verdict, with liberty to either to take a writ of error.

The assessor of the township of Allen has returned for taxation, per county rates and levies, 76 acres of land and six lock-houses as the property of the defendant at the valuations specified in the assessment, a copy of which is hereto annexed and made part of this case. The assessor of the borough of South Easton has returned among the property of the defendants liable to taxation for the same purposes, an office and a house, (designated as " 1 house on flat,") each valued at $300.

The land in Allen township so assessed, except seven acres, is the land occupied by the bed, berm-bank, and tow-path of the canal constructed by the defendants, in improving the navigation of the river Lehigh, and for keeping the same in repair, from the mouth of Nesquehoning creek to the mouth of said river at Easton; and the houses situated in Allen township, and the said house situated in South Easton, so assessed, are lock-keepers' houses,

occupied by the keepers of the locks on the said canal, contiguous to the said locks respectively. The said houses in Allen township being erected by the defendants expressly for the purpose, and the said house in South Easton having been partly erected before the construction of the said canal, and enlarged and finished since its completion, having been used and occupied exclusively as a lock-keeper's house for many years past. The said "office" in South Easton, having been erected by the defendants expressly for a collector's office, and used as the office for the collection of tolls for said company at the eastern end of their navigation. The said lock-keepers' houses and collector's office are necessary to the proper transaction of the business of the said navigation. The defendants were incorporated, and constructed their said navigation in pursuance of the Acts of the General Assembly of Pennsylvania, entitled an Act to improve the navigation of the river Lehigh, passed 20th March 1818, and an Act to incorporate the Lehigh Coal and Navigation Company, passed 13th February 1822.

The questions for the decision of the court are, whether any, and if any, what part of the said property is liable to be assessed for purposes of taxation under the Acts of Assembly for that purpose. If the court shall be of opinion that the said 69 acres of land, occupied as aforesaid for the bed, berm-bank, tow-path, &c. of the said canal, or the said lock-houses or toll-houses, or the said collector's office are liable to assessment for taxation, then judgment to be entered for plaintiff, specifying in their opinion which, if any, of the said premises are so liable; otherwise judgment to be entered for the defendants.

(Copy of the assessment and notice, Allen township).

To the Lehigh Coal and Navigation Company. Take notice that you stand rated for the following year, as follows:

For County use—

| | |
|---|---|
| Profession, trade, or occupation, - - - - - - - - - | $—— |
| Real Estate, 69 acres land, - - - - - - | $2760 |
| 7 " - - - - - - - | 250 |
| 6 lock-houses - - - - - - | 2100 |
| Whole valuation, - - - - | $5140 |

Rate 15 cents to the $100.

| | |
|---|---|
| Amount of county tax, - - - - - - | $7.71 |

State use—

| | |
|---|---|
| Real Estate, - - - - - - - - - - - | $5140 |
| Amount of State tax, - - - - - - | 5.14 |

(And notifying time of appeal, &c.)

[Lehigh Coal and Navigation Company v. Northampton County.]

(Assessment and notice.   South Easton).

For County use—

Real Estate—100 acres of land   -   -   -   $7000
                    Office - - - - - - -     300 (Col's. Office.)
                    1 house on flat  -   -   -   -     300 (Lock-House)
                    1 house & 9 lots, n. side canal  1500
                    5 lots south side canal  -   -   1000
                    Barn & 11 lots on M. C. street  2500
                    Furnace and lot  -   -   -   -   3000
                    1 house - - - - - - -      75
                                                    ——————      $15,675
          Rate 15 cents to the $100.
          Amount of county tax, - - - - - -   $23.57

For State use—

Real Estate, - - - - - - - - - -   $15,675 -  -   $15.75
          Money at interest, &c.

(A notifying of time and place of appeal).

The court were of opinion that the 69 acres of land were not liable to taxation, but that the lock-houses and collector's offices were, and gave judgment for the plaintiff, so far as related to the lock-houses and collector's offices.

Error assigned :

The court should have rendered a judgment in favour of the defendants on the case stated, as none of the property described therein was liable to taxation as real estate.

*J. M. Porter,* for the plaintiff in error.
*Reeder,* contra.

The opinion of the Court was delivered by

KENNEDY, J.—The defendant in error claims that the tax in question was legally assessed.   The allegation is, that it is real estate, consisting of land and houses belonging to the plaintiffs in error, being the same that is used for the bed, berm-bank, and tow-path of the canal, and the lock-houses and collectors' offices appertaining thereto, constructed by them, in improving the navigation of the river Lehigh.   Such assessment, it is contended by the counsel for the defendant, is authorized and sanctioned, first, by the Act of the 15th April 1834, relating to county rates and levies, and township rates and levies.   By the 4th section of this Act it is required that the assessors and assistant assessors of the several counties shall, on the receipt of the precepts, &c., proceed to take an account, in the form directed by the commissioners, of the names and surnames of all the taxable inhabitants within their respective wards, townships and districts, and also an account of the following real and personal property : " 1. Real estate, viz.: All houses, lands, lots of ground and ground-rents, mills and ma-

[Lehigh Coal and Navigation Company v. Northampton County.]

nufactories of all descriptions, all furnaces, forges, bloomeries, distilleries, sugar-houses, malt-houses, breweries, tan-yards, and ferries.  2. The following personal estate, viz.: All horses, mares, geldings and cattle above the age of four years.  3. All offices and posts of profit, professions, trades and occupations, and all single freemen above the age of twenty-one years, who shall not follow any occupations or callings." And again, by the Act passed the 29th April 1844, for reducing the State debt, and to incorporate the Pennsylvania Canal and Railroad Company, in which the same enumeration of real estate, with the addition of "fisheries, wharves, and all other real estate not exempt by law from taxation," are made taxable by the 32d section thereof. The same description of personal property is also made taxable thereby; and likewise all mortgages, money owing by solvent debtors, whether by promissory note, penal or single bill, bond or judgment; also all articles of agreement and accounts bearing interest, owned or possessed by any person or persons whatsoever, except notes or bills for work and labour done, and bank notes, also all shares of stock in any bank, institution or company, then or thereafter incorporated by or in pursuance of any law of this Commonwealth or of any other State or government; and on all shares of stock or weekly deposites in any unincorporated saving fund institution, and all public loans or stocks whatsoever, except those issued by this Commonwealth; and all money loaned or invested on interest in any other State; also all household furniture, including gold and silver plate owned by any person or persons, corporation or corporations, when the value thereof shall exceed the sum of $300; salaries and emoluments of office, all offices and posts of profit, professions, trades and occupations, except the occupation of farmers, together with all other things then taxable by the laws of this Commonwealth.

Other things, specifically set forth in the 34th section of this latter Act, are made taxable also for the purposes mentioned in the Act; but it is not pretended that any thing therein contained can be extended to sustain the assessment in question here, which renders the particular mention of them unnecessary. No other Act has been referred to by the counsel for the defendant in error, making the property in question taxable, than these, and the parts thereof recited above. But if the lock-houses and collectors' offices attached to the canal belonging to the plaintiffs in error, are to be considered as constituent parts of the canal, or necessarily incident thereto, it will be very difficult, if not impossible, fairly to show that they are embraced within the list of enumerated articles above. If the lock-houses and collectors' offices be necessarily incident to the canal, of which I think there is no doubt, they cannot well be considered as either land, houses, or lots of ground, according to the true meaning of the Acts recited, and a fair interpretation thereof. The lands, houses and lots of ground, intended to be made taxable

by the Legislature, were such as formed the principal part of that which was designed to be charged and taxed, and not merely such things as were accessory to something else which everybody regarded as the principal. It must be admitted that a canal is a species of property, and that it may also be very valuable, and as such may be made taxable; but few, if any, would consider it as properly designated by either of the terms "lands," "houses," or "lots of ground," or even by all of these terms put together. Canals and every species of improvement calculated to promote and facilitate the trade and commerce of the State, have ever been considered a matter of public interest and concern, and instead of being made the subjects of taxation, have, on the contrary, been patronized by the Legislature, in lending the aid of the State to their construction and subsequent preservation. Under this view of the subject it was held, in *The President, Directors & Co. for erecting a Permanent Bridge over the Schuylkill* v. *Frailey* (13 *Serg. & Rawle* 422), that the bridge, or the land necessarily connected with it, was not taxable under the Act of the 11th of April 1799, which was similar in its enumeration of the taxable property to that of the Act of 1834, as recited above; indeed the latter appears to be an exact transcript of the former. Also in the *Ridge Turnpike Company* v. *Stoever* (6 *Watts & Serg.* 378), a toll-house, erected by the company under their charter, within the limits obtained by them for constructing the road, was considered necessary to the proper use and management of the road, and therefore warranted by the Act of incorporation, which authorized them to construct a turnpike road and to receive tolls from those who should travel upon or use the same; and that the owner of the land upon which the road was constructed where the toll-house was erected, could maintain no action against the company for such occupation and use of the land, because the house was a necessary appendant to the road. It can scarcely be doubted that lock-houses and collectors' offices are not still more necessary, if possible, in order to make a canal answer the purposes of its construction. If they were to be taxed as lands and houses, it might in some instances prove a serious detriment to the public at large, as well as the owners of such property. The profits derived therefrom have seldom as yet, I apprehend, amounted to what would in general be deemed a reasonable remuneration for the cost and expenses of making such improvements. And possibly from this consideration, as well as motives of public policy, the State has never intentionally, I apprehend, attempted to tax such property. The court below considered the land occupied by the bed, berm-bank, and tow-path of the canal, as belonging to and forming part of the canal itself, and therefore held it not liable to be taxed. In this the court were doubtless right; and I must confess that I am unable to discover any good reason why they took a different view of the lock-houses and collectors' offices.

[Lehigh Coal and Navigation Company v. Northampton County.]

I may also observe that the lands, houses and lots mentioned in the Act of Assembly are placed under the head of *real* estate. But it would seem from the 4th section of the Act of 13th February 1822, incorporating the plaintiffs in error, that their whole capital stock is denominated and made personal estate, by declaring in express terms that " the shares of the stock of the said Lehigh Coal and Navigation Company shall be considered and taken as *personal property.*"   Now it appears to be not only fair, but necessary, to consider all the land and buildings necessarily connected with the canal, constructed by the company, and without which it could not be made to answer its purposes, as composing the stock, or at least a part of the stock of the company.   The whole of the land upon which the canal is constructed, including the lock-houses, collectors' offices, as also everything thereto appertaining, must be considered as the product of the moneys subscribed and paid by the stockholders, and all that they have or ever can claim for the same; and therefore may be regarded as forming part at least of the stock, which is made personal and not real estate, by the Act of incorporation; and if liable to be taxed at all, it must be under some denomination that would seem to embrace it with more certainty than that of land, houses, or lots of ground, which are clearly intended to be a designation of real estate.

Judgment reversed, and judgment for the defendants.