## The West Chester Gas Company *versus* The County of Chester.

The works of an incorporated gas company are not taxable as real estate, for state and county purposes.

But dwelling-houses erected by them for the residence and *accommodation* of their workmen, are liable to taxation.

ERROR to the Common Pleas of *Chester county*.

This was an amicable action by the West Chester Gas Company against the County of Chester, in which the parties agreed upon the following case stated:—

"It is agreed that an amicable action in the above form be entered in the Common Pleas of Chester county, and the following statement of facts, to be considered in the nature of a special verdict, be submitted for the opinion of the court. The plaintiff was incorporated by Act of Assembly, passed April 1st 1852, with a capital of $50,000, to manufacture and sell gas in West Chester. (See *P. L.* 230.) The same year, the gas company purchased a lot of ground, erected their works thereon, laid pipes through the streets, and commenced the manufacture and sale of gas. Their whole capital was subscribed and expended in the said purchase, erection of works, and laying of pipes. By an act passed February 12th 1853, they were authorized to increase their capital to an amount not exceeding in the whole $100,000 : (*P. L.* 74.) Under this act it was increased to $50,625. Besides this, the gas company borrowed $3000, part of which was expended in the purchase of a lot, and the erection of dwelling-houses hereafter mentioned. By an Act passed April 18th 1853, they were authorized to purchase and hold real estate for the purpose of erecting buildings for the residence and accommodation of their workmen, not exceeding one acre : (*P. L.* 729.) Under this act they purchased a lot in West Chester, less than an acre, and erected two houses thereon for the residence and accommodation of their workmen. No more real estate is occupied by the works than is necessary therefor. The gas works were assessed for the year A. D. 1856, with state and county taxes amounting to $20, and the said dwelling-houses with the same taxes amounting to $5. These taxes were paid and have gone into the county treasury. It is agreed to consider this payment as made under protest. The question for the opinion of the court is, whether the said gas works and the said dwelling-houses and lots are liable to be assessed for state and county taxes. If the court shall be of opinion that they are not so liable, then judgment to be so entered for the plaintiff for the sum of $25. If either the said works or the said buildings shall be so liable and the other not liable, judgment to be entered for

[The West Chester Gas Company v. The County of Chester.]

the plaintiff for the amount of taxes paid for the property not so liable. If the whole be so liable, judgment to be entered for the defendant."

The court below gave judgment for the defendant, which was here assigned for error.

W. *Darlington*, for the plaintiff in error, cited *Brightly's Purd.* 787, *pl.* 98–9; *Id.* 1154, *pl.* 2–3; Lehigh Coal Co. v. Northampton County, 8 *W. & S.* 334; Railroad v. Berks County, 6 *Barr* 70; Navigation Co. v. Berks County, 1 *Jones* 202; Wayne County v. Delaware and Hudson Canal Co., 3 *Harris* 351; New York and Erie Railroad Co. v. Sabin, 2 *Casey* 242.

*Waddell*, for defendant in error.—*Brightly's Purd.* 777, *pl.* 5; *Id.* 787, *pl.* 98; *Id.* 784, *pl.* 67–8; Saving Fund v. Yard, 9 *Barr* 359; Fire Ins. Co. v. Northampton County, *Id.* 413; Act 16th April 1845 § 6, *P. L.* 514; Act 29th April 1844, § 33, *P. L.* 498. The authorities cited by the plaintiff do not touch the principle contended for; if anything, they establish the position of the defendant.

The opinion of the court was delivered by

PORTER, J.—Double taxation is not uncommon. The power of the legislature to tax twice, is as ample as to tax once. Real estate assessed in the name of the owner, and a mortgage in the name of the holder, furnish a familiar illustration. By the Act of 29th April 1844, the stock of this company, which represents its capital, is taxable, and the houses in question may be liable, if the legislative intention be clear. The language of the Act of 15th April 1834 is "real estate, viz., all houses, lands, lots of ground, and ground-rents, &c." In the Lehigh Company v. Northampton County, 8 *W. & S.* 334, where these terms were much discussed, the banks of a canal, together with the toll-houses and collectors' offices, were pronounced exempt. In The Railroad v. Berks County, 6 *Barr* 70, the water stations and depot of a railroad company were also excluded, The Navigation Company v. The Commissioners of Berks, 1 *Jones* 202, went one step further, by determining that the toll-house of a canal company, so built as to be occupied by the collector for his family residence, was, notwithstanding that fact, free from tax. In Wayne County v. The Delaware and Hudson Canal Company, 3 *Harris* 351, it was held that the reservoirs of the canal, the machinery for raising cars, the houses and gardens occupied by the lock-tenders, collectors, and engineers on the very line of the canal and railroad, were exempt; but not the offices occupied by those functionaries in the adjoining town, nor the buildings used as boarding-houses for workmen. This case stands on the verge, and we shall

[The West Chester Gas Company *v.* The County of Chester.]

go no further.    The principle which pervades the law thus established, is the indispensability of the exempted property to the other privileges granted by the legislature; for the injustice of taxing a company to the value of its property, and then taxing special articles necessary to the enjoyment of the whole, was not to be imputed on light grounds.    In the present case, the agreement in the nature of a special verdict does not bring the facts up to the line marked out in the decisions.    The gas works are clearly exempt; but the dwelling-houses do not appear necessary to the performance of the company's proper work.    On the other hand, they are stated to have been erected for the *accommodation* of their workmen.    This is convenience, not necessity.    For anything that appears, these workmen might be able to discharge their duties as satisfactorily if they lived elsewhere.    The sexton of a church and the clerk of a bank would find it equally convenient to dwell near their places of business.    It would have been even more accommodating if this company had erected houses for all *its* officers and labourers.    The principles of the two later cases require restraint rather than such undue expansion.    We do not overrule them, but stop where they end.

Judgment reversed, and judgment for the plaintiff in the sum of twenty dollars.