## In the Court of Common Pleas of Venango County.

## THE COUNTY OF VENANGO *v.* JAMESTOWN AND FRANKLIN RAILROAD COMPANY.

1. Judicial authority has settled that a railroad is not real estate within the intendment of the tax laws, and its depots, places to hold cars, and other places and buildings indispensably necessary to the construction of the road, are incident to it, parts of it, and not separately taxable as real estate.

2. There being no legislation authorizing the assessment of county rates upon railroads or parts thereof, the lot, repair shop, turn table and round house of the company cannot be assessed for such purposes.

Opinion delivered December 23d, 1874 by

Trunkey, P. J. The defendant, incorporated in 1862, owns and occupies a lot of ground in Oil City, upon which are located a repair shop, turn table and round house, all used by defendant in operating its railroad. For the year 1874 said lot and building are valued at $4,000 and assessed with $22 county tax and $6 poor tax.

The act of March 9th, 1872, P. L. 298, authorizes the poor taxes in Venango county to be assessed upon the same subjects as county rates.

The act of April 15th, 1834, makes taxable real estate, viz. : "All houses, lots of ground," &c., and personal estate, viz. : "All horses, mares, gelding and cattle, above the age of four years." P. L. 1834, 512. The act of April 29th, 1844, P. L. 497-8, makes taxable all real estate, to wit : houses, lands, &c., and all other real estate not exempt by law from taxation ; also personal estate, to wit : (enumerating many articles), "together with all other things now taxable by the laws of this Commonwealth."

Are the lot, repair shop, turn table and round house subject to assessment for county rates ? None of them are enumerated among the items of personal property liable to assessment. It has not been contended that they are liable as personal estate. It was argued that they are real estate and taxable as such, although railroads are not enumerated in any Act of Assembly as a subject of taxation. Plaintiff's counsel contends : 1. That the act of April 8th, 1873, P. L. 64, makes all real estate liable to taxation. 2. That the act of May 18th, 1874, P. L. 158, makes all property, real and personal, not exempted in said act, subject to taxation. 3. That section 1, article 9 of the constitution, requires all taxes to be uniform, and section 2 makes void all laws exempting property from taxation other than what is enumerated in section 1, and consequently all real estate is taxable.

Under the act of 1799, P. L. 70, "all lands held by patent, warrant, location or improvement, houses and lots of ground," were made taxable. In the case of the President, &c., of the Permanent Bridge v. Fraily, 13 S. & R. 422, the only question was whether the bridge over the river Schuylkill was an object of taxation for county rates. The court held it was not. Tilghman, C. J., said : In order to make the Schuylkill bridge an object of taxation, it must be shown to fall within the list of enumerated articles. It certainly is property, and very valuable property, but of what nature ? It is neither land, house or lot. * * But the question is whether they (bridges) are subject to the county tax by the existing law. They certainly are not expressly enumerated, and I think it equally certain that we ought not to include them in the list of assessable articles by a strained construction. Our Legislature is convened annually, and whenever it shall be satisfied that it is for the public good to impose a tax on bridges, roads or other works of that nature, to which the right of demanding toll is annexed, it will be done in such manner as, under all circumstances, shall be judged proper."

This decision, made half a century ago, has been frequently cited and applied when like questions have arisen upon subsequent similar stat-

utes. It settled that the terms "lands," "houses," or "lots of ground," did not include a public bridge erected by a company authorized to collect tolls. The principle would apply to many other things, as turnpikes, canals, gas works and railroads.

Accordingly it was decided that the bed, beem-bank and tow path of an incorporated canal, and the toll houses and collectors' offices belonging to the canal and incident thereto, are not taxable as land or real estate, under the acts of April 15th, 1834, and April 29th, 1844. The lands, houses and lots of ground intended to be made taxable by the Legislature, were such as formed the principal part of that which was designed to be charged and taxed, and not merely such things as were necessary to something else which everybody regarded as the principal. A canal is a species of property, and as such may be made taxable ; but few, if any, would consider it as property designated by either of the terms, "lands," "houses" or "lots of ground," or even by all of these terms put together. Lock-houses and collectors' houses are necessary to make a canal answer the purposes of its construction. Lehigh Coal and Nav. Comp. v. Northampton Co., 8 W. & S., 334.

Exemption from taxation, or immunities to corporations, will not be carried beyond the principles settled in L. C. & Nav. Co. v. Northampton County, but these principles are applicable to railroads. But there is a wide difference between things appurtenant and convenient to a railroad, and things appurtenant and part of a canal. A railroad corporation may necessarily employ many agents, who occupy houses and grounds to transact their legitimate business. It may be desirable and convenient that the company own extensive warehouses, coal yards, board yards, coal schutes and machine shops, at many points and places on the road. But these erections and conveniences form no part of the road. They are only indispensable to the profits to be made by the company, and are legitimate subjects of taxation within the act of 1844. Depots, water stations, offices, oil houses and places to hold cars and such buildings and places as may fairly be deemed necessary and indispensable to the construction of the road, are not within the act. Railroad v. Berks Co., 6 Barr, 70.

It was said by Rogers, J., that the rulings in the Northampton county case, 8 W. & S., 336, and in the Berks county case, 6 Barr, 70, have been acquiesced in by the Legislature as the true construction of the acts of 15th of April, 1834, and 29th of April, 1844. The construction of the acts was a question for the courts. No person was ever so absurd as to suppose that a canal passing through several counties was a subject of taxation for county purposes. The incident followed the principle, and part was of the same nature of the whole ; and held that a toll house so built as to be occupied as a collector's office and his family residence,

subject to taxation is that they are not enumerated in the acts of Assembly imposing taxes, and therefore come within the principles of the leading case. Bridge Comp. v. Fraily. The court seems to have been impressed that had the Legislature intended a tax should be assessed upon a bridge, turnpike, canal or railroad, constructed by a corporation for public use, they would have said so. No legislative enactment exempted them from taxation ; they were not taxable, because there was no such enactment for taxing them.

The act of 1844 subjected to taxation all real estate, to wit : "houses, lands, lots of ground  *  *  *  and all other real estate not exempt by law from taxation." This language is as comprehensive as that used in the act of April 8th. 1873. The latter provides "that all real estate within the Commonwealth shall be liable to taxation for all such purposes as now is or hereafter may be provided by general laws, exempting therefrom the classes of property." This act was for repeal of exemption laws. It is observable that real estate is not made taxable for any purpose only as provided by some other general law. Nothing is declared real estate which was not before that time held to be such. No fair construction of the act of 1873, entitled "an act to repeal all laws exempting real estate from taxation," will effect the prior decisions of the Supreme Court upon the laws authorizing the taxation of real estate.

The act of May 14th, 1874, exempts certain property from taxation, and does nothing else. It was enacted in pursuance of section 1, article 9 of the constitution. The proviso relates to property not in actual use and occupation for the purposes of exemption. It makes nothing liable to taxation, which is not liable under some former act, when not taken out by an exempting statute. This act and proviso, as a whole, only exempts, as the title imports ; therefore it is unnecessary to say that if any part authorized taxation, it would be a violation of section 3, article 3, of the constitution.

Judicial authority, binding upon this court, has settled that a railroad is not real estate within the intendment of the tax laws; and its depots, places to hold cars, and other places and buildings indispensably necessary to the construction of the road, are incident to it, parts of it, and not separately taxable as real estate. There is no general law authorizing the assessment of county rates upon railroads or parts thereof. Without question of the power of the Legislature to enact such a law, and that nothing in defendant's charter prevents it being made liable is, notwithstanding such residence, a constituent part of the canal, and cannot be assessed for taxation under the acts of 1834 and 1844. Schuylkill Nav. Co. v. Berks Co., 1 Jones, 202.

Other cases of like import might be cited. In all, the chief reason for the decision that canals, railroads and other like property are not

under such law, until its enactment, the road, as an entirety, or in parcel, cannot be assessed for county rates. When the Legislature shall make this class of property taxable for such purposes, it must be by general law and uniform tax. In the absence of legislation to that end section 1, of article 9 of the constitution, does not impose a tax upon railroads for county purposes.

The turn table and round house for sheltering the cars clearly are incident to and parts of the road. The repair shop is convenient, but like a machine shop, not indispensably necessary, and is not a part of the road. Perhaps in this case it is of such a character as not to be an object of separate assessment. It may be trifling, a mere addition to the round house, and not a structure for general repairs. However this may be upon the case stated, being of opinion that so much of the lot as is occupied by the turn table and round house is not subject to county and poor rates, judgment must be entered for defendant.

Endorsed :—December 23d, 1875. Judgment for defendant. By the court.

NOTE.—The case stated shows no separate assessment of the repair shop, or separate tax thereon, nor what proportion is chargeable thereto.