## Chadwick et al. *versus* Maginnes.

94  117
97  482

1. The councilmen, of the South ward of the city of Chester constituted a quasi corporation, the object of which was to supply said ward of said city and the surrounding neighborhood with water, at certain rents to be fixed by the corporation. The profits, after the payment of expenses, interest and cost of the works, were to be paid into the city treasury, and to be held on account of municipal taxes against the said ward. A county tax was levied upon the real estate and property of the corporation, all of which was indispensable to the operation of the waterworks: *Held*, that the corporation was liable to the tax.

2. Per STERRETT, J.—" Surely it was never intended that such a corporation should be exempt from all taxation while others are compelled to bear their share of the public burden. The letter as well as the spirit of the Constitution and the act passed in pursuance of its provisions, do not sanction it. They were designed to restrict exemption from taxation within much narrower limits, and thus remedy, to some extent, what had become a great evil."

March 22d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Delaware county ;* Of January Term 1879, No. 87.

Amicable action of debt, brought by David Maginnes, collector of taxes for the county of Delaware, of the South ward in the city of Chester, against Robert Chadwick and others, councilmen of the South ward of the city of Chester.

The case was submitted as follows: "It is hereby agreed that an amicable action be entered, and that the said action shall be deemed to be depending in like manner as if the defendants had appeared to a summons issued against them by the plaintiff, and said action being founded on a county tax of $60, assessed and levied on real estate and property of the defendants in the county of Delaware for the year 1876, which the defendants have, and still do refuse to pay to the plaintiff. It is agreed that the action be deemed at issue as if the plaintiff had filed a declaration averring that the property upon which said tax was so assessed and levied, was a legal subject of taxation, and as if the defendants had filed a plea, denying that the said property was a legal subject of taxation. And it is further agreed that a trial by jury be dispensed with, and the decision of the case be submitted to the said court to hear and determine the same under the provisions of the Act of Assembly of April 22d 1874."

The court, Clayton, P. J., found the facts as follows:

" The defendants are a quasi-municipal corporation, the object of which is to supply the South ward, of the city of Chester, and surrounding neighborhood with water at certain rents, to be fixed by the corporation. The taxpayers of the said South ward, are the equitable owners of all the property, estate and franchises of

[Chadwick v. Maginnes.]

the corporation; the profits after the payment of expenses, interest and cost of the works, are to be paid into the city treasury, and are to be held on account of municipal taxes against the said South ward.

"No profits, beyond the costs of the works, interest on loan, and expenses of managing the works, have yet been paid into the city treasury for the benefit of the taxpayers of said South ward.

"The real estate upon which the works are erected, and against which the tax has been levied (except one hundred and twenty feet on Front street), is indispensable to the enjoyment of the franchises of the corporation, and is absolutely necessary for its corporate purposes.

"The corporation is not a stock company, and pays no tax in any form to the state, under the general corporation tax laws of the Commonwealth.

"The corporation owns a lot of ground, being a part of the real estate against which the tax claimed by the county has been levied, which has not been actually used and occupied by said corporation for the purposes of their charter, and which is not indispensable to the enjoyment of its corporate franchises. Said lot contains one hundred and twenty feet on Front street, and is one hundred and fifty feet deep, and adjoins the lands upon which said works are erected. A right of way over twenty feet of this lot is necessary to the proper enjoyment of the privileges of the corporation for the purposes of its charter.

"As to the real estate indispensable to the enjoyment of the franchises of the corporation, it may be somewhat doubtful whether it is subject to taxation. Adopting, however, the usual rule, which requires an enlarged and liberal construction of all tax laws in favor of the government, I incline to the opinion that it is a proper subject of taxation for county purposes."

The court entered judgment for plaintiff for the full amount of the tax, when defendants took this writ, and assigned this action for error.

*W. B. Broomall*, for plaintiffs in error.—The public works of a corporation, with their necessary appurtenances, are exempt from taxation: Lehigh Coal and Navigation Co. v. Northampton County, 8 W. & S. 334; Navigation Co. v. Commissioners, 1 Jones 202; Commissioners of Wayne County v. Delaware and Hudson Canal Co., 3 Harris 351; Railroad v. Berks County, 6 Barr 70. The Act of May 14th 1874, Pamph. L. 158, contains no stronger or more sweeping provisions in favor of taxation than the laws in existence prior to that time: Act 15th April 1834, Pamph. L. 511; Act 29th April 1844, Id. 497; Act 16th April 1838, Id. 525; Act 14th April 1851, Id. 625. Under these last-named acts, the decisions have drawn a distinction between private works

[Chadwick v. Maginnes.]

owned by corporations and public works owned by corporations, and have declared the latter exempt.

*H. C. Howard*, for defendant in error.—The Act of May 14th 1874, Pamph. L. 158, passed in pursuance of art. 14, of the new Constitution, makes the property of this corporation taxable for county purposes. The plaintiffs in error rely on the construction which has been given to former acts relating to taxation, to be relieved from the effect of this Act of 1874. But their argument is without force for this reason: 'Prior to the Act of 1874, no Act of Assembly had specifically declared that all property should be subject to taxation, except certain particular kinds mentioned therein. The contention in all the cases, or nearly all, cited by them, was as to whether the legislature intended to impose taxes upon the real estate of a corporation, while taxes were assessed upon its capital stock which represented its real estate. It is not a stock company, and pays no taxes of any kind to the state as a corporation. To tax it for local purposes, therefore, is not to subject it to double taxation. Its property lies wholly within the county of Delaware, and must be confined by its charter to this limit.

Mr. Justice STERRETT delivered the opinion of the court, May 3d 1880.

The single question in this amicable action is whether the property of the plaintiffs in error, assessed in 1876, was subject to taxation for county purposes. It was agreed by the parties that the cause be deemed at issue as on a declaration averring that the "property was a legal subject of taxation," and a plea denying said averment; that a trial by jury be dispensed with, and the issue thus formed be submitted to the court under the provisions of the Act of April 22d 1874.

The facts found by the learned judge are embodied in his opinion, and need not be restated. While some doubt was expressed as to whether that part of the real estate, which he found to be indispensable to the enjoyment of the franchises of the corporation, was subject to taxation, he concluded that an application of the rule which requires a liberal construction of all tax laws in favor of the government, as well as the letter and spirit of the Act of May 14th 1874, required him to hold that the property in question was subject to taxation for county purposes. In this we think there was no error.

The first section of the ninth article of the Constitution, declares that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public pro-

[Chadwick *v.* Maginnes.]

perty used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of a purely public charity." The second section declares that "all laws exempting property from taxation, other than the property above enumerated, shall be void." The Act of Assembly referred to, passed in pursuance of these constitutional provisions, after enumerating specifically what property shall be exempt from county and other taxes, declares in the proviso, "That all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid; and from which any income or revenue is derived, shall be subject to taxation, except where exempt by law for state purposes." The property in question is not embraced in either of the classes specified in the act as exempt, and must, therefore, under the terms of the proviso, be subject to taxation. All property, except such as is therein specifically exempted, is declared to be subject to taxation, saving only such property as is exempt by law for state purposes. One object in adding the saving clause to the proviso was doubtless to guard against a construction which would have re-instated a tax for state purposes on real estate then exempt therefrom. It has no application to the question under consideration.

The plaintiffs in error rely on the line of cases commencing with the Lehigh Coal and Navigation Co. *v.* Northampton County, 8 W. & S. 334, giving construction to former laws on the subject of taxation. The principal question in all or nearly all of those cases was whether the legislature intended to tax the real estate of a corporation while its capital stock which represented its real estate or its income was subjected to taxation. The language of the former acts was open to construction. None of them declared in express terms, such as the Act of 1874, that all property real and personal shall be subject to taxation except certain specifically enumerated kinds or classes. It therefore furnishes, as was doubtless intended by its framers and required by the new Constitution, a more binding rule on the subject of taxation than was contained in preceding legislation. But if this were not so, we still think the plaintiffs in error are not within the principle on which the property of corporations was held to be exempt under former acts. They are not a stock company, have no capital, and as a corporation pay no taxes of any kind to the state. They therefore cannot even urge the objection of double taxation.

We have seen that the proviso to the Act of 1874, subjects to taxation all property not expressly exempt, and especially property "from which any income or revenue is derived." The plaintiffs derive revenue from their water-works which, after paying current expenses, they may apply to the payment of their bonded debt, or to the extension of their works; or, they may reduce water-rents of citizens of the South ward to an amount barely sufficient to

[Chadwick v. Maginnes.]

cover interest and current expenses, and thus permit them to enjoy the benefit of the works in the reduction of their water-rents. The works not only yield an income or revenue in the shape of water-rents, with power to enlarge their capacity in this respect by supplying water to persons outside of the ward, but, as the court has found, the taxpayers of the South ward are practically the equitable owners of the works, the profits of which, after paying the costs of construction, interest and expenses, are to be paid into the city treasury in relief of their municipal taxes.

While the plaintiffs in error are in one sense a public corporation, the profits and benefits enure specially to the citizens of the South ward, even to the extent it may be of relieving them from municipal taxes. Surely it was never intended that such a corporation should be exempt from all taxation while others are compelled to bear their share of the public burden.

The letter as well as the spirit of the Constitution, and the act passed in pursuance of its provisions, do not sanction it. They were designed to restrict exemption from taxation within much narrower limits, and thus remedy to some extent what had become a great evil. We think the judgment of the court was correct and should be affirmed.

Judgment affirmed.