# ALLEGHENY CO. v. McKEESPORT DIAMOND MARKET.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 22, 1888—Decided January 7, 1889.

1. The principle that the works of a public corporation, a railroad company for example, may not be subjected to local taxation without express statutory mandate, is not applied to the property of a private corporation which may carry out its purposes without the right of eminent domain.*

2. The building of a market company, though erected upon the public square of a borough and the company pay the usual taxes upon the capital stock to the state, is not exempt from local taxation, the company needing no chartered rights to carry on its business: Coatesville Gas Co. v. Chester Co., 97 Pa. 481, distinguished; South Reading Market House Co. v. Berks Co., 11 W. N. 424, followed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, WILLIAMS and HAND, JJ.; CLARK, J., absent.

No. 217 October Term 1887, Sup. Ct.; court below, No. 31 September Term 1886, C. P. No. 1.

In May, 1886, the county of Allegheny, as plaintiff, and the McKeesport Diamond Market, as defendant, filed a case stated, in the nature of a special verdict showing:

1. By an agreement in writing dated March 24, 1884, a true

---

*See Pittsburgh's Appeal, post.

copy of which is attached and made part hereof, it was agreed by and between the borough of McKeesport, a municipal corporation, under the laws of the commonwealth, as party of the first part, and James S. Kuhn et al., as parties of the second part, that said parties of the second part should construct a public market house in said borough.

2. The said parties of the second part on April 29, 1884, together with other persons associated with them, became a corporation under the general corporation act of April 29, 1874, P. L. 73, and its supplements, under the name and style of the McKeesport Diamond Market, for the purpose of carrying out said contract; and said corporation, before January, 1885, erected said market house according to the terms and provisions of said agreement.

3. That said market house is erected upon one of the public squares of the said borough, having been dedicated by the plan of the town of McKeesport for a market house and other public purposes.

4. The building is only used for the purpose of a public market, and is necessary and indispensable therefor.

5. The building is a part of the capital stock of the defendant, and is wholly included in the same, and as such pays the usual state taxes to the commonwealth. The stock of the defendant is owned by a considerable number of persons who are liable to and pay taxes thereon to the state.

6. The county of Allegheny has caused the said market house building, so far as the interest of said defendant corporation is concerned, to be assessed as real estate for county purposes, claiming that it is a proper subject for taxation as to the interest of said defendant, and said tax amounts to $50.

If the court be of opinion that said building is liable for said taxes then judgment to be entered for plaintiff for $50 with costs, but if not, then judgment to be entered for defendant with costs, with the right to either party to take out a writ of error.

The agreement of March 24, 1884, referred to, is sufficiently stated in the opinion of the court.

On June 29, 1886, the court, STOWE, P. J., citing Coates-

ville Gas Co. v. Chester Co., 97 Pa. 481, ruled that under the foregoing case stated, defendant was not liable for the tax claimed, and ordered judgment to be entered in favor of the defendant for costs.

The plaintiff then took this writ, assigning said judgment as error.

*Mr. S. H. Geyer*, for the plaintiff in error :

1. By § 1, article IX., of the constitution, all taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax. In pursuance of said section the general assembly passed the act of May 14, 1874, P. L. 158. Clearly the property mentioned in the case stated is not exempted from taxation for county purposes, because of the peremptory direction of the act referred to that all property, real and personal, from which any income or revenue is derived, shall be subject to taxation, except when exempted by law for state purposes.

2. Water works owned by a municipality and which constitute a source of revenue to it, are taxable for county purposes under the act of 1874, although all such revenue has been in fact expended upon improvements and the extension of the works : Erie Co. v. Commissioners, 113 Pa. 368. If the borough owning the market house could not escape the taxation, it is not within its power to free the property by transferring it to private individuals either for a long or short term. South Reading Market Co. v. Berks Co., 11 W. N. 424, is a case on all fours with the present one.

*Mr. W. B. Rodgers* (with him *Mr. W. A. Dunshee*) for the defendant in error :

1. The argument that the building referred to in the case stated is municipal property and therefore taxable because a revenue is derived therefrom, is answered by Sewickley Borough v. Sholes, 118 Pa. 165. The lot on which the building stands was dedicated for market and other purposes. The building erected thereon belongs to the borough ; and the fact that defendant has the use of it for a certain term does not change the character of the property. By the case stated, only the " building, so far as the interest of the defendant " is

concerned, is assessed. Under Watson v. O'Hern, the right granted to the defendant is a lease for years, which is but personalty: Wood's L. & T., § 63. It has never been the practice in Pennsylvania to assess taxes on leasehold estates for years, much less to claim that they are assessable as real estate.

2. By the case stated, the building is part of the capital stock of the defendant and as such pays the usual taxes to the commonwealth. Moreover, it is used only for a public market and is necessary and indispensable therefor. The public character of markets is recognized by the acts of March 18, 1775, and April 3, 1851; also in Mayor v. Davis, 6 W. & S. 277. If the defendant is a public corporation, then it is not taxable, except through its capital stock: Coatesville Gas Co. v. Chester Co., 97 Pa. 481. The case of South Reading Market House Co. v. Berks Co., 11 W. N. 424, was the case of a mere private corporation organized to rent out stalls and make money.

OPINION, MR. JUSTICE HAND:

This is a case stated, the facts agreed upon to have the same effect as a special verdict of a jury.

By an agreement in writing, dated March 24, 1884, the borough of McKeesport, a municipal corporation of this commonwealth, of the one part, and James S. Kuhn et al. of the other part, provided for the erection of a public market house in said borough. The substance of the contract, which is made part of the case stated, is that the parties of the second part shall erect a suitable brick building according to plans adopted by the borough on "the Square," to be used for the purpose of a public market house, in and for said borough; the cost to be not less than ten thousand, nor more than fifteen thousand dollars; possession shall be given to the borough after the expiration of the period of ten years, or any time thereafter upon demand of the borough, at which time the borough shall pay the parties of the second part the original cost of the building less ten per cent; the said second parties may retain possession for the time stipulated, and may let said building, and receive and retain the rents, issues, and profits thereof, until possession shall be taken by said borough as provided.

On April 29, 1884, the parties of the second part, with other

persons associated with them, became a corporation under the general corporation act of April 29, 1874, and its supplements, under the name of The McKeesport Diamond Market, for the purpose of carrying out said contract, and before January, 1885, erected said market house in accordance with said agreement. It is erected upon one of the public squares of the borough dedicated for a market house and other public purposes, and is only used for the purpose of a public market, and is necessary and indispensable therefor. The building is a part of the capital stock of the defendant, and is wholly included in the same, and as such pays the usual state taxes to the commonwealth. The stock is owned by a considerable number of persons who are liable to and pay taxes thereon to the state.

The county of Allegheny has caused the market house building, as far as the interest of the defendant corporation is concerned, to be assessed as real estate for county purposes, and the tax amounts to fifty dollars.

The case stated provides that if the court be of the opinion said building is liable for said taxes, judgment is to be entered for plaintiff for $50, with costs, but if not, then judgment to be entered for defendant with costs, with right to either party to take out a writ of error.

The court below entered judgment for the defendant.

The case stated shows that the defendant is a private corporation, carrying on the business of renting out portions of its building which is a market house. It differs in no respect from an individual who is engaged in the same business, except that its building is located upon a public square in the borough, which the company is permitted to occupy until the borough purchases and pays for the building under the terms of the agreement referred to in the case stated. The county of Allegheny, under the authority of the act of assembly of April 15, 1834, assessed the market house for county purposes. That act requires that all houses, etc., shall be assessed. There is no act of the legislature which exempts this property from assessment. If the market house were located upon other land it would not be pretended that it could for any reason escape taxation for county purposes. It is not the question whether one municipal corporation may tax another, which

might arise when a borough, empowered so to do, erects a market house which is entirely under its own control. It is simply and only the case of a private corporation carrying on its business and owning real estate under the description of a house.

It is however claimed that because it is upon the public square, and the borough has the right at some future time to purchase and pay for it and then carry it on as a public market, it should be exempt. The answer to that is, it is time enough to decide that it is legally property of a public corporation, when the facts exist which constitute it such.

The learned judge of the court below seemed to take the view that this state of things already existed, for he based his judgment upon the case of Coatesville Gas Co. v. Chester Co., 97 Pa. 481. It will be seen that in that case and all the kindred cases in which it was held the tax assessed was illegal, the principle which controlled the court was that the public works of a public corporation, such as a railroad company, canal company, or gas company, could not be subjected to double taxation without an express mandate of the legislature to that effect. The principle has, however, never been applied to a private corporation. A public corporation is one which cannot carry out the purposes of its organization without chartered rights from the commonwealth. Railroads, canals, and gas companies must have the right of eminent domain in order to perform their functions. Their property, which is indispensable to their chartered rights, is represented by their capital stock, and as such is taxed specially by the legislature, and the law will not subject it to duplicate taxation by mere inference. It must expressly be made subject by statute. Such of the property of such a corporation as is not so indispensable but is merely convenient, is held subject to taxation under the general law assessing such property. A private corporation which needs no chartered rights in order to carry on its business, stands in no different position from an individual.

It was therefore error to apply the rule to such a corporation as the defendant. The case of South Reading Market House Co. v. Berks County, 11 W. N. 424, is exactly applicable to this case, and is placed upon the basis that it was a private

corporation. · The market house was its principal and only property, and included in the terms of the act relating to assessment, but the gas-pipes and gas-works of a gas company were not so included. These principles are clearly enunciated in the following .cases: ˙Lehigh Co. v. Northampton County, 8 W. & S. 334; West Chester Gas Co. v. County of Chester, 30 Pa. 232; Lackawanna Iron and Coal Co. v. Luzerne Co., 42 Pa. 424.

The defendant is therefore liable for the tax assessed.

> The judgment is reversed, and judgment is now entered on the case stated for fifty dollars in favor of plaintiff and against defendant, with costs of suit.

Argued October 22, 1888—Decided January 7, 1889.