| 208 | 157 |
| 31 SC | 535 |
| 208 | 157 |
| f219 | 80 |
| 208 | 157 |
| 222 | 322 |
| 38SC | 531 |

# Philadelphia *v.* Electric Traction Company, Appellant.

*Taxation—Exemption—Traction motor company—Street railways—Power companies.*

A power house for the manufacture of electricity owned and used by a traction motor company engaged in the operation of street railways is exempt from taxation under the Act of April 21, 1858, P. L. 385.

Reargued Jan. 4, 1904.  Appeal, No. 222, Jan. T., 1902, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1896, No. 708, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia v. Electric Traction Company of Philadelphia. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Scire facias sur municipal claim for taxes.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the city assessed a real estate tax for the year 1895 against the company's power house, amounting to $2,196.03. The company, however, refused to pay the same. The city, upon December 17, 1896, filed its claim of record in the court below, and upon November 8, 1900, issued its sci. fa. thereon. Upon December 6, 1900, the company filed an affidavit of defense, alleging that it was a traction motor company, and claiming exemption from the tax. Upon June 17, 1902, the city entered a rule for judgment for want of a sufficient affidavit, which rule, upon July 1, 1902, the court made absolute without filing an opinion.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*Ellis Ames Ballard*, with him *Rufus E. Shapley*, for appellant.—A power house for the manufacture of electricity, which is a necessary part of the plant of a traction motor company and represents its capital stock which has paid tax to the state, is not subject to local taxation: Southern Elec. Light, etc., Co. v. Phila., 191 Pa. 170; Northampton Co. v. Easton Pass.

Ry. Co., 148 Pa. 282; People's Pass. Ry. Co. v. Taylor, 22 Pa. Superior Ct. 156.

*Mayne R. Longstreth*, assistant city solicitor, with him, *James Alcorn*, assistant city solicitor, and *John L. Kinsey*, city solicitor for appellee.—The local acts of Philadelphia and Pittsburg expressly taxing the real estate of railroads impose such taxes upon all their real estate, including their necessary public works, excepting only real estate especially exempted in these acts themselves. And this applies to street railways as well as to steam railroads : Penna. R. R. Co. v. Pittsburg, 104 Pa. 522 ; Phila. v. Phila. Traction Co., 206 Pa. 35.

OPINION BY MR. JUSTICE FELL, February 29, 1904 :

This appeal was first argued with that of the Philadelphia Traction Company reported in 206 Pa. 35, and the judgments in both cases were affirmed on the supposition that there was no difference in the questions involved. A reargument was granted for the reason afterwards brought to the attention of the court, that the questions raised by the appeals were not identical, because the property assessed by the city in this case was the defendant's power house. The property assessed in Philadelphia v. Traction Company, supra, was a barn used for the storage of cars. The Act of April 21, 1858, P. L. 385, expressly makes " car houses " subject to taxation by ordinance for city purposes, and in that case it was conceded that the property assessed was liable if the act applied to traction motor companies. The points decided were that the act when passed was intended to apply to both steam railroads and passenger railway companies, and that it now applies to traction motor companies that exercise the franchises of street railway companies. The application of the act was extended to a new class of corporations, which enjoyed the privileges and became subject to the liabilities of street railway companies. It was not, however, extended to a kind of property not enumerated in the act as taxable or to one that did not come within the classification made by the act.

The act of 1858 provides that " the offices, depots, car houses, and other real property of railway corporations situate in said city, the superstructure of the road and water stations

alone excepted, are and hereafter shall be subject to taxation by ordinances for city purposes." Should a power house for the manufacture of electricity owned and used by a traction motor company engaged in the operation of street railways, be placed in the class of property taxable or in the class exempted? This is the only question in the case. The power to tax all the real estate of public corporations, although it has been once taxed as a part of the capital and notwithstanding that it may be essential to the exercise of corporate franchises, is settled: Pennsylvania Railroad Co. v. Pittsburg, 104 Pa. 522. But the presumption is against the legislative intent to do this, and so strong is this presumption that it has been uniformly held in all our cases that the words " real estate " in a tax act will not be construed to include land necessary to the franchises of a public corporation. In Lehigh Coal & Navigation Co. v. Northampton Co., 8 W. & S. 334, decided in 1845, it was held that the bed, berm-bank, tow path, toll houses and collectors' offices of a canal company were not liable to taxation under the act of April 15, 1834, which made " real estate, viz. all houses, lands, lots of ground," etc., subject to taxation; nor under the act of April 29, 1844, which declared that " all real estate, to wit: houses, lands, lots of ground, and all other real estate not exempt by law from taxation " should be taxed for state and county purposes. Two years later, and after the passage of the act of April 22, 1846, which made " all property real and personal, not taxed under existing laws " liable, it was held in Railroad Co. v. Berks Co., 6 Pa. 70, that water stations and depots were not taxable, and a distinction was drawn between property that was indispensable to the use of the road, and that which was only convenient and advantageous in its operation. In Schuylkill Navigation Co. v. Comrs. of Berks Co., 11 Pa. 202, decided in 1849, a house erected by a canal company for a toll house and used by the collector as his office and as a residence. for his family was held to be exempt from taxation. The exemption was extended in Comrs. of Wayne Co. v. Delaware & Hudson Canal Co., 15 Pa. 351, decided in 1851, to reservoirs, houses and gardens occupied by lock-tenders, collectors and engineers, although the special act of 1825 made the property of the company whether real or personal " subject to taxation,

in like manner as similar property held by an individual or corporation now is or may be." In New York & Erie Railroad Co. v. Sabin, 26 Pa. 242, decided in 1856, it was said that the machine shops, foundries, freight and passenger houses of a railroad company were not subject to taxation under the acts of 1834 and 1844. The West Chester Gas Co. v. Chester Co., 30 Pa. 232, decided in January term, 1858, was said to stand on the verge of the line established by the preceding cases, and while the works of a gas company were exempted, the dwelling houses occupied by its workmen were held to be liable.

We have referred to these cases, not that there is any doubt as to the principle decided by them, which has been uniformly sustained by later decisions, but to show the state of the law at the time of the passage of the act of 1858, as an aid in construing it. It had then been settled by judicial construction that the words " real estate " in a tax act did not include the necessary property of a corporation, although land, without which its public duties could not be performed. A distinction had been made by this court between the class of property that was a constituent part of a corporate franchise and essential to the performance of its duties to the public, and that which was only advantageous and convenient but not necessary to the exercise of its franchise.

The act of 1858 was written in the light of these decisions, and it followed them, preserving the distinction that had been made but drawing the lines more closely against exemption. Up to this time the offices, depots, car houses, the superstructure of the road and water stations of a railroad had all been exempt. The act drew the line at a different place and exempted only the last two, which were clearly essentials and formed part of the road itself. The act does not make an arbitrary selection of property to be taxed and property to be exempted, but makes a classification on the same principle as that which had been established by decision but on slightly different lines. Under this classification the property of a public corporation in Philadelphia that is essential to its franchise is exempt, unless named in the act as subject to taxation or coming within the same class as depots, offices, and car barns.

There can be no doubt as to the class to which the power house of an electric motor company belongs. As a means of furnishing motive power it is as essential to the company as is a water station to a railroad company. It does not take the place of anything before taxable, but is a substitute for that which was before expressly exempted, and it comes within the stringent rule of necessity established by the act of 1858 in exempting the roadway and means of supplying power.

The judgment is reversed with a procedendo.