# PENNA. ETC. R. CO. v. G. H. VANDYKE.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY.

Argued March 19, 1890—Decided October 27, 1890.

1. Shops, owned and operated by a railroad company, for the construction and repair of its locomotives and cars, are liable to taxation for local purposes as real estate, even though they have no greater capacity than is required for the work the company itself has for them to do.

Statement of Facts.

2. Railroad v. Berks Co., 6 Pa. 70; Erie Co. v. Transportation Co., 87 Pa. 434; Allegheny Co. v. Diamond Market, 123 Pa. 169, followed; Northampton Co. v. Navigation Co., 75 Pa. 461; Penna. R. Co. v. Pittsburgh, 104 Pa. 522, 545, explained; Northumberland Co. v. Railroad Co., 20 W. N. 381, and New York etc. R. Co. v. Sabin, 26 Pa. 242, distinguished.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 322 January Term 1890, Sup. Ct.; court below, No. 2 September Term 1888, C. P. in Equity.

On June 7, 1888, the Penna. & N. Y. Canal & Railroad Co. filed a bill in equity against George H. Vandyke and others, commissioners of Bradford county, F. W. Keys and others, commissioners and tax-collector of Athens township, L. Coleman and others, school directors and tax-collector of Sayre independent school district, to restrain the collection of state, county, poor, road, and school taxes, levied for the year 1888, upon the plaintiff company's repair shops at Sayre, in said township. A preliminary injunction was awarded, and, issue being joined by answer and replication, the cause was referred to *Mr. B. M. Peck*, as examiner and master, who, on June 1, 1889, filed a report, finding, in substance, the following facts:

1–3. That upon a valuation for purposes of taxation for the year 1888, of the repair shops of the plaintiff company at Sayre, Athens township, taxes at a certain millage for state, county, poor, road and school taxes, for said year, had been levied and warrants for the collection thereof issued.

4. That the plaintiff company was duly organized as a corporation by the name of the North Branch Canal Company under the act of April 21, 1858, P. L. 415; that its name was subsequently changed to the Pennsylvania & New York Canal & Railroad Company under the provisions of the act of March 20, 1865, P. L. 427, by which act it was authorized to construct a single- or double-track railroad, and to have all the powers and to be subject to all the restrictions conferred and imposed by the general railroad act of February 19, 1849, P. L. 79, and the supplements thereto.

5. That under its powers the plaintiff had constructed its railroad from Northampton street, Wilkes-Barre, to a point on

Statement of Facts.

the New York state line, in Athens township, a distance of 104 miles, and had operated the same since 1869.

6–8. That plaintiff operated about 510 miles of road, including double track and sidings, owned and leased by the plaintiff, and owned 109 locomotives, and had two of the Lehigh V. R. Co.'s locomotives in use; and that the cars, (except some caboose cars and 222 gravel cars,) formerly belonging to the plaintiff company, had been sold to the Lehigh V. R. Co.

9. That the repair shops of the plaintiff were located in the village of Sayre, and consisted of a machine shop, blacksmith shop, boiler shop, wood-pattern shop, paint shop, foundry, wing to foundry, car shop, car-blacksmith shop, and in these shops about 500 men were employed.

The findings then proceeded, in the master's language:

10. That in 1870 the plaintiff built small repair shops at the junction of its main line with the New York, Lake Erie & Western railway, near the state line. These shops were used by the plaintiff until December, 1880, when the said machine shop and blacksmith shop at Sayre were put in operation. The other shops mentioned were built from time to time since that date, as required by the increasing business on the road.

11. That these shops are all required to do the necessary repairs, required by the plaintiff in operating its railroads.

12. That there have been built at these shops four new engines to replace other locomotives which were worn out, and a few new cars. The plaintiff has done some work for the State Line & Sullivan R. Co., before it was leased by the plaintiff, and some repairs for other roads; work was also done for Kellogg & Maurice, the Sayre Water Co., the Sayre Land Co., and others. The evidence shows that this work, done for outside parties, was trifling in amount, compared with the work done for the plaintiff in these shops; and that the work so done, was done as a matter of accommodation to the parties, and that said shops are used almost entirely for repairing tools, cars and machinery, used in operating the Penna. & N. Y. C. & R. Co. system.

13. Before the shops at Sayre were put in operation, the plaintiff had some light castings made by Kellogg & Maurice, and by the Cayuta Wheel Foundry Co., and had heavy castings made at the Lehigh Valley R. Co. shops; such castings are now made in the shops of the plaintiff.

Arguments.

14. That the cars of other railroad companies, which are run over the plaintiff's roads, are repaired as follows: All cars, damaged while on the plaintiff's roads, are repaired and made good ·at the expense of the plaintiff; as to defects in cars discovered after they come upon the plaintiff's roads, which will make them unsafe to run, the plaintiff makes the repairs and charges them to the owners of the cars.

15. That, since the filing of the plaintiff's bill, said corporation plaintiff's road is now operated and controlled, and in a great part owned by the Lehigh V. R. Co., who operate it, together with its leased lines and connections, as the northern division of the Lehigh Valley railroad system.

—Upon the foregoing findings of fact, citing and considering Lehigh C. & N. Co. v. Northampton Co., 8 W. & S. 334; Ridge Turnpike Co. v. Stoever, 6 W. & S. 378; Schuylkill Nav. Co. v. Berks Co., 11 Pa. 202; Wayne Co. v. Canal Co., 15 Pa. 351; Northumberland Co. v. Railroad Co., 20 W. N. 381 (8 Cent. R. 531); West Chester Gas Co. v. Chester Co., 30 Pa. 234; Coatesville Gas Co. v. Chester Co., 97 Pa. 481; Railroad v. Berks Co., 6 Pa. 70; East Penna. R. Co.'s Case, 1 Walk. S. C. Cas. 428; Hawes Mfg. Co.'s App., 1 Mona. 358; Erie Co. v. Transp. Co., 87 Pa. 437; New York etc. R. Co. v. Sabin, 26 Pa. 242; Penna. R. Co. v. Pittsburgh, 104 Pa. 522; Lackawanna Iron Co. v. Luzerne Co., 42 Pa. 430, the master concluded, as matter of law, that the repair shops in question were subject to the taxes levied upon them, and recommended a decree dissolving the preliminary injunction and dismissing the plaintiff's bill.

Exceptions filed to the report by the plaintiff having been argued, the court, SITTSER, P. J., entered the decree recommended by the master. Thereupon, the plaintiff took this appeal, assigning the decree entered for error.

*Mr. Henry Streeter* and *Mr. L. M. Hall* (with them *Mr. Wm. T. Davies*), for the appellant.

Other than cases considered by the master, counsel cited: Allegheny Co. v. Diamond Market, 123 Pa. 164.

*Mr. H. F. Maynard* and *Mr. I. McPherson* (with them *Mr. E. J. Angle*), for the appellees.

Other than cases considered by the master, counsel cited: Cumberland V. R. Co. v. McLanahan, 59 Pa. 29.

OPINION, MR. JUSTICE McCOLLUM:

Railroad v. Berks Co., 6 Pa. 70, and East Penna. R. Co.'s Case, 1 Walk. 428, are decisive of the questions raised by this appeal. In the former, it was determined that shops owned and operated by a railroad company, for the construction and repair of its locomotives and cars, were taxable as real estate. In the latter, it was held that "the machine shops, in which the locomotive engines of the road are repaired, the blacksmith shop, in which the smith work of the road is done, the carpenter shop, in which the passenger and freight cars used on the road are built and repaired, and the paint shop, in which new and repaired cars used on the road are painted," are liable to municipal taxation. In the case last cited, Mr. Justice SHARSWOOD said: "The rule which is to be extracted from the authorities on the subject of the liability of railroad companies to taxation for local purposes, is that it is only so much of their property as is indispensable to the construction of the road and fitting it for use that is exempt. It is not all which they can lawfully take or hold under their charters. It is not enough that it is a convenient possession affording facilities in conducting the business of the company, and enabling it to make profits." The principle settled by these cases was applied in Erie Co. v. Transportation Co., 87 Pa. 434, and recognized in Allegheny Co. v. Diamond Market, 123 Pa. 169.

Railroad v. Berks Co., supra, has been cited with approval in a long line of cases on this subject, and its authority has not been questioned by any decision of this court. There is no conflict between it and Northampton Co. v. Navigation Co., 75 Pa. 461, or Penna. R. Co. v. Pittsburgh, 104 Pa. 522, 545. In the case last mentioned there is a dictum to the effect that the machine shops of a railroad company are exempt from municipal taxation; but this is plainly an inadvertence, because Railroad v. Berks Co., is cited to support it. In the same case our Brother GREEN, in a dissenting opinion, refers approvingly to Railroad v. Berks Co., as drawing the distinction between such buildings and works as are necessary, and such as are only convenient to the exercise of the franchise. The decision

Opinion of the Court.

in Northumberland Co. v. Railroad Co., 20 W. N. 381, was upon a case stated, in which it was agreed that the land and works in question were such as were ordinarily and properly pertinent to railroads, a part and portion of the public works of the corporation, essential and indispensably necessary for the proper performance and enjoyment of its franchises, and for the exercise and due execution of its corporate rights and privileges, public functions, and duties. Thus, the agreement of the parties placed the property described in it within the principle of exemption established by the decisions. That it was not intended to overrule previous cases, or to take an advanced position on this question, is manifest from the language of this court in the brief opinion filed. The judgment of the lower court was affirmed upon the ground that it was sustained " by a long and unbroken line of cases," including Railroad v. Berks Co., which the appellant now claims was overruled by it. New York etc. R. Co. v. Sabin, 26 Pa. 242, is not an authority for the claim that machine shops and foundries of a railroad company are upon the same footing as respects exemption from taxation, as its depots and water stations, as that rests on special legislation, and turned on the construction of an act of assembly under which the company, a foreign corporation, was allowed to do business in this state.

Much stress is laid upon the learned master's eleventh finding of fact. It is in these words : " That these shops are all required to do the necessary repairs, required by the plaintiff in operating its railroads." When this finding is read in the light of what precedes and follows it, the construction placed upon it by the appellant appears to be unwarranted. We think this finding is plainly referable to the testimony of Weaver, the master mechanic, and means, as claimed by the appellees, that the shops have no greater capacity than is required for the work the company has for them to do. It is probable that these shops are a " convenient possession, affording facilities in conducting the business of the company, and enabling it to make profits ; " but they are not, under the well-considered decisions of this court, exempt from taxation for local purposes.

Decree affirmed, and appeal dismissed at the costs of the appellant.