ditor that the exception as to the compensation was filed too late; (5 and 6) not sustaining the auditor in his finding that the subsequent acts of the parties made such a material change as to annul the agreement as to compensation.

*Bassler Boyer*, for appellant.

*Grant Weidman*, for appellees.

PER CURIAM, March 28, 1892:

The decree is affirmed and the bill dismissed at the costs of the appellant.

## Schuylkill Co., Appellant, *v.* Citizens' Gas Co.

*Taxation—Local taxes—Public corporations—Gas companies.*

A public corporation is one which cannot carry out the purposes of its organization without chartered rights from the commonwealth. Railroads, canals and gas companies must have the right of eminent domain in order to perform their functions. Their property, which is indispensable to their chartered rights, is represented by their capital stock, and as such is taxed specially by the legislature, and the law will not subject it to duplicate taxation by mere inference.

While the works of a gas company and the lot of ground on which they are located are necessary to enable the company to carry on its business, and therefore not liable to local taxation, a house occupied by a tenant is not a necessary part of the company's works or equipment, and is therefore taxable.

Argued Feb. 16, 1892. Appeal, No. 77, July T., 1891, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1891, No. 87, on case-stated. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Case-stated to determine the liability of defendant to taxation for county purposes.

From the case-stated it appeared that the defendant was a corporation located in the borough of Tamaqua, Schuylkill county, owning therein the following real estate, viz.:

| | | |
|---|---|---|
| One house, | . . . . . . . | $  400 |
| One lot, | . . . . . . . | 600 |
| Gas works, | . . . . . . . | 2,000 |
| Total assessment, | . . . . | $3,000 |

That this property was upon one and the same lot, and all necessary for the purpose of carrying on defendant's business except the house, which was formerly the office of the company, and at the time of the action was occupied by a tenant. The only tax levied for the year 1890 against the defendant was a state tax of three mills on the capital stock of the corporation amounting to $10.42, which had been paid into the treasury of the state, when plaintiff sought to recover the county tax of $18 upon the above assessment of defendant's real estate.

The court below, PERSHING, P. J., after stating the facts and quoting West Chester Gas Co. v. County of Chester, 30 Pa. 232, and Coatesville Gas Co. v. County of Chester, 97 Pa. 476, continued as follows:

" A public corporation is one which cannot carry out the purposes of its organization without chartered rights from the commonwealth. Railroads, canals and gas companies must have the right of eminent domain in order to perform their functions. Their property, which is indispensable to their chartered rights, is represented by their capital stock, and as such is taxed specially by the legislature, and the law will not subject it to duplicate taxation by mere inference. It must expressly be made subject by statute. Such of the property of such a corporation as is not indispensable, but is merely convenient, is held subject to taxation under the general law assessing such property. A private corporation, which needs no chartered rights in order to carry on its business, stands in no different position from an individual: Allegheny Co. v. Mc-Keesport Diamond Market Co., 123 Pa. 164. An illustration of this principle is given in Appeal of the City of Pittsburgh, 123 Pa. 376. ' A mere private corporation,' says the court, ' needs no franchise from the state in order to carry on its business. Men may manufacture shoes without corporate power, but they cannot occupy streets or property of private individuals without corporate power or warrant from the state. They need a delegation of sovereignty, and in such cases their works may properly be called public works.' It was therefore held that the gas pipes of an incorporated company for the supply of natural gas to consumers are not assessable eo nomine for local taxation, either as land or as a part of the company's capital stock.

" It is admitted in the case stated, that the gas works and the lot of ground on which they are located are necessary to enable the defendant to carry on its business.  Under the authorities referred to, and many more could be cited, these are exempt from county taxation.  The house occupied by a tenant does not appear to be a necessary part of the company's works or equipment, and is therefore taxable.

" And now, May 4, 1891, it is ordered and directed that judgment be entered in favor of the plaintiff for the sum of two dollars and forty cents, ($2.40.) "

Plaintiff appealed.

*Errors assigned* were (1) failure to enter judgment for the full amount of the tax demanded; (2) holding that the lot and gas works were exempt from local taxation; (3) holding that the payment of the three mills tax on capital stock exempted the real estate and shares of stock of defendant from all other taxation.

*J. F. Minogue*, for appellant.

*James A. Rinck, Arthur L. Shay* with him, for appellee.

PER CURIAM, March 28, 1892:
Judgment affirmed.

# Miller *v.* Stark, Appellant.

*Promissory note—Material alteration—Recovery on original consideration—Surety.*

An action was brought upon a joint and several promissory note, given for the price of a horse by the purchaser and a surety.  It was apparent upon inspection that the date of the note had been altered.

*Held,* (1) that if, as contended by plaintiff, the alteration was made before the note came into his hands, he was entitled to a verdict both against the maker and the surety.

(2) If the alteration was made by the plaintiff innocently after the note came into his hands, the alteration being material, there could be no recovery against the surety, but the plaintiff would be entitled to recover upon the original consideration (viz., the price of the horse) against the maker.

(3) If the alteration was made by the plaintiff, after the note came into his hands, with fraudulent intent, there could be no recovery whatever against maker or surety.