# Delaware, Lackawanna & Western Railroad Company, Appellant, v. Metzgar.

*Taxation—Railroads—Corporations—Ice plant.*

A railroad company is liable to local county taxation on an ice plant consisting of houses, engines and machinery for storing ice harvested from land owned by the company to be used for refrigerating cars and for coolers in passenger cars.

240 DELAWARE, ETC., R. R. CO., Appellant, *v.* METZGAR.

Statement of Facts—Opinion of Court below.    [28 Pa. Superior Ct.

Argued Jan. 9, 1905.    Appeal, No. 54, Jan. T., 1905, by plaintiff, from order of C. P. Monroe Co., May T., 1904, No. 18, dismissing appeal from tax assessment in case of Delaware, Lackawanna & Western Railroad Company v. Milton Metzgar, George Van Why and Elmer Fellencer, Commissioners of Monroe County.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Appeal from tax assessment.

STAPLES, P. J., filed the following opinion:

The contention of the appellant company upon which it based its right to have its assessment reduced, was that it was necessary for it to have facilities for the icing of freight cars carrying perishable freight, and that the ice houses at Hawkey's Pond and Gouldsboro, along the line of its road, were necessary for this purpose and therefore it should be exempt from taxation.    There seems to be no question but that a railroad company such as the appellant in order to compete with other lines and to stand upon an equal footing in the effort to obtain freight, is obliged to ice cars, carrying certain kinds of freight, while the same is in transit, and that it is a great convenience for it, the Delaware, Lackawanna and Western Railroad Company, to have two such ice houses as those mentioned in the findings of fact.

The court, however, is unable to agree with the contention of the appellant company, that because it is obliged to ice cars as mentioned and such ice houses are a great convenience in the icing of cars, that, therefore, the same should be exempt from taxation; the theory for this exemption resting upon the contention that the same, as constituted are necessary in the proper and successful operation and management of the railroad.    While it may be necessary for the appellant company to have erected along the line of its road houses containing ice to be used in icing of cars carrying perishable freight, yet, the court is not of the opinion that this would permit the appellant company to engage in the business of harvesting and storing ice and have its ice plants exempt from taxation on that ground.

[It might be an open question, if the appellant company had

two large storage ice houses erected upon the line of railroad, whether they would not be exempt from taxation upon the ground that the ice stored in the same was required in the successful management of its road, but the court is clearly of the opinion that the appellant company having secured for itself two ice ponds and erected at the same time two large ice houses with all the necessary machinery for harvesting and storing ice and it, the appellant company, in the winter time, engaging in the business of harvesting and storing ice, ought not to be exempt from the taxation to the extent of the value as agreed upon of the said ice houses.] [1]

There is nothing in the charter of the Delaware, Lackawanna and Western Railroad Company which permits it to engage in the ice business and it is entirely fair to assume that it would not go to the trouble and expense of buying real estate with the necessary water upon it, to make ice ponds and erect ice houses at the said two points, with all the necessary machinery for harvesting and storing ice, and engage in the business of harvesting and storing ice, unless it was done to secure its ice at a less price than it would be compelled to buy it for in the market, or to save itself trouble and inconvenience in securing ice from other sources. [The appellant company having seen fit to erect its ice houses and the machinery aforesaid and use the same in connection with the ponds and for the purposes as indicated, it has no just complaint against the assessment and taxation of the properties nor any reason why the same should be free from taxation any more than that of private persons or private corporations owning ice ponds and using ice houses and machinery in connection therewith, for the purpose of harvesting and storing ice. It is a difficult matter to separate the houses and machinery from the ice ponds and thus reach a valuation of the property. The mere fact that the appellant can thereby more conveniently procure its ice, is no good reason for exempting the ice houses from assessment.] [2] It might invade other trades for the same reason. It is engaged in the business of harvesting and storing ice and uses the ice houses with the necessary machinery for that purpose. What use it makes of the ice is immaterial. [In accordance with the foregoing facts and reasons, the court concludes, that the ice houses included in the assessment as stated in paragraph II

are subject to assessment and taxation and not entitled to exemption therefrom, and the appeal is therefore dismissed at the costs of the appellant company.] [3]

*Errors assigned* were (1–3) portions of opinion quoted above.

*A. Mitchell Palmer*, for appellant.

*Harvey Huffman*, with him *W. B. Eilenberger*, for appellees.

OPINION BY ORLADY, J., July 13, 1905:

The Delaware, Lackawanna & Western Railroad Company, whose railroad extends through the northeastern section of this state, is the owner of two tracts of land in Monroe county, containing in the aggregate 100 acres, covered with water and used by the company for the purpose of harvesting the ice formed thereon in the winter time and then storing it in houses located on the premises, from which houses it is conveyed in cars to points on its main line where the ice is used by the company for refrigerator cars and also for use in passenger coaches for the comfort of its passengers.

The ice houses constitute an extensive plant, with engines, machinery, planes and necessary appliances, and have a storage capacity of about 12,000 tons. The property was assessed for local taxation by the county authorities as owned by the plaintiff company, at a valuation of $6,000 from which an appeal was regularly taken by the plaintiff, so that the matter came on in due form for hearing before the court below, where the appeal from the board of revision was dismissed and the assessment confirmed. At the hearing it was agreed that the fair assessment or valuation of the property, which the railroad company seek to have exempted from local taxation, is $4,500 for the two ice houses, including the machinery and appliances, and $1,000 for the ice pond and land. The company pays the local taxes upon the land, and in this action seeks to be exempted from the payment of taxes on the storage houses and machinery.

It must be conceded that the use of ice in cars containing perishable freight is an improvement over the old methods, and is of substantial advantage to the railroad company in securing

the transportation in good condition of a character of freight which would not be offered to it if such facilities were not furnished. The evidence shows that all the ice required for such purposes could be purchased by the company as a trade commodity at points along the line of its route. The ice is placed in the cars under the direction of a proper officer of the company, who determines the propriety of such action, and the charges therefor, that are imposed by the company, follow the car to its point of destination, where the charge for iceing a car is paid by the shipper in addition to the freight' charge for that particular car.

Assuming, as contended for by the appellant, that ice is the great preservative of perishable freight, and that if such freight is to be preserved in transit, ice must be used for that purpose, it does not follow that a company chartered for the transportation of freight, is warranted in going into the business of manufacturing ice, either by adopting the natural ice formed on its lands and storing it in houses, or by the erection of an artificial ice manufactory, and may then claim exemption from liability to local taxation upon this collateral enterprise. Arguments of like relevancy could be urged with equal force in the case of restaurants along its line for the convenience of passengers; storage barns for hay and grain to be fed to stock in transit; or factories for making crates and boxes in which to transport more conveniently certain kinds of freight. The whole system is a matter of convenience and profitable management of the freight department, rather than an indispensable method of transportation. The testimony of the superintendent of car service established beyond question that the ownership of the ice ponds and the maintenance of ice houses are matters of convenience at least, if not of independent profit to the company. The ice ponds and ice houses may be indispensable in the sense that it is necessary to use ice on perishable freight, in order that the company will secure its proportion of freight from the general public and conduct the business of the corporation at a profit, but these ponds and houses are not indispensable as the sole source of supply of ice nor in the sense that they are necessary to the operation of the railroad as such.

" The business a corporation may lawfully do must be confined by its charter   A railroad company is given great privi-

leges and franchises to enable it to build and operate a line of railroad for the public convenience and its own private profit. It must devote itself to the business for which the state has created and clothed it with its powers and privileges. If it steps over its boundary local taxation is among the penalties which it incurs, and which it ought to be ready to submit to without protest:" Western New York, &c. Railroad Company v. Venango Co., 183 Pa. 618.

The authorities reviewed in Western New York, &c., Railroad Company v. Venango County, 5 Pa. Superior Ct. 304; People's Railway Company v. Taylor, 22 Pa. Superior Ct. 156; and Western New York, &c., Railroad Company v. Venango County, 183 Pa. 618, furnish ample authority for the decree as made by the court below, which is affirmed.