Opinion by
Orlady, J.,
The plaintiff is a corporation organized for the purpose of producing, dealing in, transporting, storing and supplying natural gas for public consumption, and has its principal offices in a two-story brick building located in the borough of Butler, in which building all of the clerical work connected with the gas business is carried on, and in addition thereto, there is certain clerical work conducted by the company of its business in the production and sale of oil. The building and lot of ground on which it is situated was assessed for the purpose of local taxation at a value of $7,000, and a return of such assessment was made by the assessor to the commissioners, from which the plaintiff company appealed to the county commissioners, who refused to make any change thereon, and from this action an appeal was taken to the court of common pleas, which after hearing struck off the assessment and adjudged that the real estate was exempt from local taxa-. tion, from which judgment the county of Butler appeals.
The corporation is of a quasi public character and the court found as a fact that the building “is used exclusively *160 in conducting the business of said corporation, as the evidence discloses, and is necessary for that purpose.” The company pays taxes direct to the state on its capital stock. The land and building thereon erected is the home office of the plaintiff company, and it is indispensably necessary and absolutely essential in conducting the corporate business. It appears that it is used as a gas office for the town of Butler, where the local business of the gas company is conducted, where contracts are executed and complaints received, where bills are sent out and paid; it is also used as a general office of the company where corporate meetings are held, bookkeepers and clerks are there engaged and the supplies for employees are kept there.
It is urged that the property is liable to local taxation for the reason that in addition to the charter purposes of the company the building is used as an office for an oil company, and that an employee of the company uses a room in the building as an engineers’ or map room for another company, call the T. W. Phillips Manufacturing Company. The plaintiff under its charter of producing and supplying natural gas, and in carrying on that business, develops and sells oil as an incident to the gas business, which while not at all certain, may be reasonably anticipated in conducting operations for gas. The primary business of the natural gas company’s charter is the production of gas, so that it may be supplied to the public for light, heat and motive power. In the development of this business, if oil is obtained, that accessory product may be cared for and utilized so as to realize a profit from its production and is not obliged to treat it as waste matter, as said in Malone v. Lancaster Gas Light & Fuel Co., 182 Pa. 309, “Undoubtedly the main business of a corporation is to be confined to that class of operations which properly appertain to the general purposes for which its charter was granted, but it may also enter into contracts and engage in transactions which are incidental or auxiliary to its main business, or which may become necessarily ex *161 pedient or profitable in the care and management of the property which it is authorized to hold. The principle' which appear to be recognized in all of the cases is, that the works of a corporation, used as such, with their neccessary appurtenances, and which are essential to the carrying out of the public purposes of such corporations, are exempt from taxation: West Chester Gas Co. v. Chester County, 30 Pa. 232. “ The public corporation is one which cannot carry out the purposes of its organization without charter rights from the Commonwealth, and property, which, indispensable to charter rights, is represented by capital stock, and as such is taxed specially by the legislature, the law will not subject to duplicate taxation by mere inference:” Schuylkill County v. Citizens’ Gas Co., 148 Pa. 162.
In determining the liability to taxation in such cases', the test should be found in the distinction between that which is indispensably necessary to the operation of the incorporated business as such, and that which is necessary to profitably conduct the business of the corporation. See Western N. Y. & Penna. Ry. Co. v. Venango County, 5 Pa. Superior Ct. 304. In affirming this case the Supreme Court in 183 Pa. 622, say: “The business a corporation may lawfully do must be defined by its charter. If it is to supply a municipality with water or gas, its implied or incidental powers must be such as are reasonably necessary to the proper performance of its functions as a water or a gas company. It cannot manufacture pipes, because it may need pipes in the distribution of water or of gas; it cannot engage in the manufacture of plumbers’ supplies, because it might be profitable to be able to supply its customers with such goods. Its business is one; the supply of water or gas, as it may be, to its customers, and to this it must devote its attention and confine its operations.”
See also People’s Pass. Railway Co. v. Taylor, 22 Pa. Superior Ct. 156; Dela. Lack. & Western R. R. Co. v. Metzgar, 28 Pa. Superior Ct. 239; Harrisburg v. Gas Co., 31 Pa. Superior Ct. 530; s. c., 219 Pa. 76.
*162 It appears that the plaintiff company produces oil, but rather as an uncertain adjunct of its general business. The proceeds of the sale of oil are ascertained to be thirteen per cent, and of gas about eighty-seven per cent of the total sales. If the fixed charges relating to the two productions were kept separate, that relating to the production of oil would not amount to one per cent of the whole. These gas companies are regarded as public corporations and cannot be taxed by the local authorities upon that property which is necessary and indispensable for carrying out the purposes for which they were incorporated, such property being treated as part of their capital stock, upon which they pay a tax to the state: St. Mary’s Gas Co. v. Elk County, 191 Pa. 458; Ridgway Light & Heat Co. v. Elk County, 191 Pa. 465; Phila. v. Traction Co., 208 Pa. 157. It is the settled policy of the law to tax the real estate of quasi public corporations? except those exempt from such taxation by statute, by including the value thereof in the assessment of the capital stock: Conoy Township v. Electric Power Plant Co., 222 Pa. 319; Spring Brook Water Co. v. Kelly, 17 Pa. Superior Ct. 347; Phila. v. R. R. Co., 38 Pa. Superior Ct. 529.
The buildings in which the offices of the company are "assembled and its business affairs are transacted, are necessarily incident to the corporation and indispensable to the conduct and operation of its business: Western N. Y. & Penna. R. R. Co. v. Venango County, 5 Pa. Superior Ct. 304; s. c., 183 Pa. 618.
Under the undisputed facts of the case we feel that the action of the court below was proper and the judgment is affirmed.