# Luzerne County Gas & Electric Co., Appellant, *v.* Morgan.

*Taxation—Public service corporation—Real estate not necessary for business—Gas and electric company.*

Where a public service corporation chartered to supply gas and electricity to a borough uses the ground floor of a building owned by it and otherwise occupied by its offices, for the sale of gas and electric appliances to its customers and public generally, and it appears that such articles are for sale by other dealers in the borough, the company will be liable for the taxes on the building, inasmuch as the sale of such articles is not indispensably necessary to the operation of the incorporated business. In such a case where the

whole building is assessed, and the company has made no attempt to limit the assessment to a part of the building only, it cannot maintain a bill in equity to restrain the borough authorities from collecting the whole assessment.

Argued March 7, 1916.    Appeal, No. 48, March T., 1916, by plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1915, No. 2, dismissing bill in equity in case of Luzerne County Gas and Electric Co. v. Evan R. Morgan, et al.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Bill in equity for an injunction.

From the record it appeared that the plaintiff is a Pennsylvania corporation engaged in the business of manufacturing and supplying gas and electricity in the Borough of Kingston and other municipalities in Luzerne County.    It owns land situate on Wyoming avenue in the Borough of Kingston, upon which is erected a brick building, with a barn and garage.    The building is a three-story structure used by the manager, attorney, engineering department, stockkeeper, accounting department, meter department, and store room, and other purposes necessary for the conduct of the business.    The ground floor is largely taken up with a store, in which is displayed for sale and sold, gas ranges, gas heaters, gas mantles, electric lamps, glassware for shades, electric cooking devices, gas and electric fixtures, electric irons and gas irons, electric cooking stoves and so forth.    The assessed valuation of the property for the year 1914 is $38,600.00, and the local taxes for the year 1914 amounted to $221.95 for borough purposes, $231.60 for school purposes, and $42.46 for poor purposes.

The company made no claim for an apportionment of the taxes.

The bill was filed against Evan R. Morgan to restrain a collection of the taxes assessed.

The court dismissed the bill in an opinion by WOOD-
WARD, J.

*Error assigned* was decree dismissing the bill.

*W. Alfred Valentine,* with him *Townsend, Elliott &
Munson* and *R. R. Van Horn,* for appellant.—In a long
and unbroken line of decisions, from Lehigh Coal and
Navigation Company v. Northampton County, 8 W. &
S. 334, to Conoy Township v. York Haven, Etc., Co., 222
Pa. 319, it has been uniformly held that the real estate of
a public service corporation, essential and necessary to
the exercise of its franchise, is not subject to local tax-
ation : Schuylkill Co. v. Citizens' Gas Co., 148 Pa. 162;
Com. v. Salt Mfg. Co., 1 Dauphin Co. 98;  Malone v.
Lancaster Gas, Etc., Co., 182 Pa. 309;  D., L. & W. R. R.
Co. v. Metzgar, 28 Pa. Superior Ct. 239;  Coatesville Gas
Co. v. Chester County, 97 Pa. 476;  Phillips Gas, Etc.,
Co. v. Butler County, 51 Pa. Superior Ct. 158;  Western
N. Y. & Penna. R. R. Co. v. Venango County, 5 Pa. Su-
perior Ct. 304.

*Burton W. Davis,* with him *William Brewster,* for ap-
pellees.—The property was assessable: R. R. Co. v.
Berks Co., 6 Pa. 70;  D., L. & W. R. R. Co. v. Metzgar,
28 Pa. Superior Ct. 239;  Western New York & Penna.
R. R. Co. v. Venango County, 5 Pa. Superior Ct. 304;
Western New York & Penna. R. R. Co. v. Venango
County, 183 Pa. 618;  Penna., Etc., R. R. v. G. H. Van
Dyke, 137 Pa. 249.

It is only where the evidence shows and the prayer of
the bill requests an apportionment, that the courts have
apportioned the valuation : Philadelphia v. Barber, 160
Pa. 123;  Y. M. C. A. v. Donohugh, 7 W. N. C. 208;  Bell
Telephone Co. of Penna. v. Harrisburg, 53 Pa. Superior
Ct. 458;  Malone v Lancaster Gas Light, Etc., Co., 182
Pa. 309.

OPINION BY ORLADY, P. J., April 17, 1916:

The plaintiff is a public service corporation, incorporated under the laws of this State, and engaged in the business of manufacturing and supplying gas and electricity in the Borough of Kingston, where it owns land, improved with a three story brick building, barn and garage used and occupied by the offices and official operatives of the company; for the purpose of storing materials and necessary supplies for conducting its business. The ground floor of the building is largely occupied as a store room, in which is displayed for sale and sold gas ranges, heaters, mantles, electric lamps, glassware for shades, electric cooking devices, gas and electric fixtures, electric and gas irons, cooking stoves, etc. These articles are kept on hand and sold for the purpose of inducing new customers to use gas and electricity, and old customers to use more.

This is an injunction bill to restrain the defendant from collecting borough, school and poor taxes levied upon the plaintiff's property in the Borough of Kingston.

The question is fairly presented whether the business as conducted by the plaintiff in buying and selling the named articles, and others of like use, for the purpose stated is necessary for the proper conduct of the business for which the company was incorporated.

In an opinion, fully reviewing the law applicable to the admitted facts, Judge WOODWARD dissolved the preliminary injunction theretofore granted, and dismissed the plaintiff's bill. We fully concur in the conclusion reached by him.

In the recent case of Phillips v. Butler County, 51 Pa. Superior Ct. 158, this court held, "In determining the liability to taxation in such cases the test should be found in the distinction between that which is indispensably necessary to the operation of the incorporated business as such, and that which is necessary to profitably conduct the business of the corporation." The answer to one phase of the test, is found in the fact that

in the same borough, there are two dealers who are not identified with the business for which the plaintiff is incorporated, and who offer to the public for sale the same general merchandise, so that such business is not indispensably necessary to conduct the corporate functions of the plaintiff.

The business a corporation may lawfully do, must be defined by its charter......Its business is one, and to do this it must devote its attention and confine its operations; with this province it must be content. If it steps over its boundary, local taxation is among the penalties which it incurs, and which it ought to be ready to submit to without protest: Western N. Y., Etc., Railroad Co. v. Venango County, 183 Pa. 618.

The buildings in which the offices of the company are assembled and its business affairs are transacted, are necessarily incident to the corporation and indispensable to the conduct and operation of its business: Phillips Co. v. Butler Co., Supra. However, to engage in a general business, which in the same community is successfully conducted by persons not associated or identified with the business for which the plaintiff was incorporated, convinces us that this particular business is a matter of profitable management of a sales department of supplies and accessories which are not included within the corporate privileges, as were the ice ponds and ice houses of a railroad company held to be matters of convenience at least, if not of independent profit—in Delaware, L. & W. R. R. Co. v. Metzgar, 28 Pa. Superior Ct. 239. Each and all of the items mentioned are to be bought in general stores as merchandise; but sales of such by the plaintiff are not necessary or indispensable to the business of manufacturing and supplying gas and electricity.

When the assessment was made there was no division of the plaintiff's property, and it submitted without objection to the method adopted by the taxing authorities. If there is included in the general assessment property

which should bear the burden of local taxation, it should have been designated as separate from the actually necessary property for corporate uses, and the local burden would have been limited to that part, as in Schuylkill Co. v. Citizens Gas Co., 148 Pa. 162, where a house occupied by a tenant, not a necessary part of the company's works or equipment, was held liable to local taxation, and the works and pipes, exempt from county taxation, and in Western N. Y. R. R. Co. v. Venango Co., 5 Pa. Superior Ct. 304, S. C. 183 Pa. 618, where the repair shops of the railroad company were held exempt, and other property used as a storage wood yard held liable.

Malone v. Lancaster Gas Co., 182 Pa. 309, is not in conflict with the above views. That was a stockholder's bill in equity for an injunction to restrain a corporation from issuing stocks and bonds,—Judge MITCHELL says, in that case—In considering such questions, much weight must be allowed to the judgment of the parties most interested, the officers and stockholders of the corporation itself, and while they will not be permitted as against the Commonwealth, or a dissenting stockholder, to go outside of their legitimate corporate business, yet, where the act questioned is of a nature to be fairly incidental or auxiliary to such business, it will not be unlawful, because not within the literal terms of the corporate grant. An entirely different proposition is presented by this record.

The decree is affirmed.