# Luzerne County Gas & Electric Company *v.* Morgan, Appellant.

*Taxation—Public utility company—Real estate not necessary for business.*

A decree of a court of equity restraining the tax collector of a borough from collecting the whole of an assessment on a building, owned and occupied by a gas and electric company, and limiting the collection for a portion only of the assessment, will be sustained where the court below finds specifically as a fact that one-eighth of the property was used for purposes not designated in its charter, and that accordingly the remaining seven-eighths of the property used for corporate purposes was exempt from local taxation.

Argued March 7, 1918.   Appeal, No. 48, March T., 1918, by defendants, from decree of C. P. Luzerne Co.,

60, (1918).] Assignment of Error—Opinion of the Court.
June T., 1916, No. 5, on bill in equity in case of Luzerne
County Gas & Electric Company v. Evan R. Morgan,
Tax Collector of the Borough of Kingston. Before OR-
LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-
LER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction to restrain the collec-
tion of the whole of a local tax assessed on a building
owned by a gas and electric company. Before WOOD-
WARD, J.

The case was before the Superior Court before and is
reported in 63 Pa. Superior Ct. 64. In addition to the
facts stated in that report, it appeared that the court be-
low found as a fact that one-eighth of the property of the
company was used for other than corporate purposes,
and that accordingly the remaining seven-eighths of
the property was exempt from local taxation. The court
entered a decree in accordance with these findings.

*Error assigned* was the decree of the court.

*B. W. Davis,* with him *Wm. Brewster,* for appellant.

*W. Alfred Valentine,* with him *R. R. Van Horn* and
*Townsend, Elliott & Munson,* for appellee.

OPINION BY ORLADY, P. J., July 10, 1918:
Substantially the same question as is raised in this
case was presented on an appeal by the plaintiff reported
in 63 Pa. Superior Ct. 64, in which we affirmed the deci-
sion of the court below dismissing a bill in equity, and
stated, "When the assessment was made there was no
division of the plaintiff's property, and it submitted with-
out objection to the method adopted by the taxing au-
thorities. If there is included in the general assessment
property which should bear the burden of local taxation,
it should have been designated as separate from the ac-
tually necessary property for corporate uses, and the

local burden would have been limited to that part." In the present appeal, the difficulty suggested in the former case is obviated by a specific finding of fact, that a defined part of the corporate property was used for purposes not designated in its charter, and a decree was entered accordingly. The question was fully discussed in the former case, which supplemented by the adjudication in this one determines the question involved.

We find no error in the decree as entered, and it is now affirmed.