The Ridgway Light & Heat Company v. the County of Elk and T. J. Shaffer, Treasurer of said County, the Township of Ridgway, the School District of the Township of Ridgway and the Overseers of the Poor of the Township of Ridgway, the Borough of Johnsonburg, the School District of the Borough of Johnsonburg, and the Overseers of the Poor of the Borough of Johnsonburg, Appellants.

*Taxation—Corporations—Natural gas companies—Local taxation.*

Where an owner of land has conveyed to a natural gas company all the gas in the land, the company cannot be taxed for the gas by the local authorities where it appears that the gas is indispensably necessary to carry out the public purposes for which the company was chartered.

Argued May 1, 1899. Appeal, No. 247, Jan. T., 1897, by defendants, from decree of C. P. Elk Co., Nov. T., 1894, No. 1, on bill in equity. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to restrain the collection of taxes.

MAYER, P. J., filed the following opinion:

The Ridgway Light & Heat Company is a corporation duly chartered and organized under "An act to provide for the incorporation and regulation of natural gas companies," approved May 29, 1885, and is invested with all the rights, powers and privileges specified in the act. It is authorized by the first section "to produce, mine, own, deal in, transport, store and supply natural gas for either light, heat or both or other purposes, and have all the rights and privileges necessary or convenient therefor." Section 10 of the act provides that "The transportation and supply of natural gas for the public consumption is hereby declared to be a public use, and it shall be the duty of corporations, organized or provided for under this act to furnish to consumers along their lines and within their respective districts natural gas for heat or light or for other purposes as the corporation may determine." And provided, further, "Any and all corporations that is or are now or shall hereafter be engaged in such business shall have the right of eminent domain for the laying of pipe lines for the transportation and distribution of natural gas, the right, however, shall not be exercised as to any burying ground or dwelling, passenger railroad, station-house or any shop or manufactory in which steam or fire is necessarily used for manufacturing or repairing purposes, but shall include the right to appropriate land upon or under which to lay said lines and locate pipes upon and over, under and across any lands, rivers, streams, bridges, roads, streets, lanes, alleys or other public highways or other pipe lines or across railroads or canals: Provided, In case the pipe lines cross any railroads operated by steam or canals, the same shall be located under or above such railroad or canal, and in such manner as the railroad or canal company may reasonably direct; And provided further, That any company laying a pipe line under the provisions thereof shall be liable for all damages occasioned by reason of the negligence of such gas company," etc.

The plaintiff is the owner of certain gas rights conveyed to it by several deeds and conveyances in the borough of Johnsonburg and township of Ridgway. In 1892 and 1893, these gas rights were assessed with county, road, school and poor tax in the borough of Johnsonburg and the township of Ridgway, and returned to the county commissioners of said county for collection. The treasurer of said county advertised for sale these gas rights for the payment of the taxes assessed. The surface of the tracts of land in which the plaintiff holds these gas rights was assessed in the seated list and the taxes paid thereon.

The plaintiff has filed its bill in equity against the county of Elk and the treasurer of said county to restrain the sale of these gas rights, alleging that as these gas rights are a necessary and indispensable part of its corporate franchises they are exempt from local taxation.

[It is clear from a consideration of the provisions of the act of May 29, 1885, that companies organized under it are public corporations.] [1] In addition to the legislative declaration that the transportation and supply of natural gas for the public consumption is "a public use" corporations organized or provided for under the act are required "to furnish to consumers along their lines and within their respective districts natural gas for heat or light or other purposes, as the corporation may determine." [They are also invested in the fullest manner with the right of eminent domain and all other powers and privileges necessary for the prosecution of the business for which they are incorporated.] [2]

[It may be proper to state here that no evidence has been adduced by the defendant to show that oil exists in said land or that it is oil territory. On the contrary, the evidence of the plaintiff proves that it is not oil territory and that oil has not been discovered upon it, although a number of wells have been drilled.] [3] [The evidence of the plaintiff shows, and there is no contradictory proof that the gas rights in the land assessed are necessary and indispensable to it in carrying out the public purpose for which it was incorporated, and are part of its capital stock upon which it pays a tax to the state.] [4] But it is contended that, as the deeds and conveyances from the several grantors to the plaintiff conveys only the right to drill, mine

for, produce and take natural gas, it is an incorporeal heredita-
ment and, consequently, not assessable as land, and the case of
Funk v. Haldeman, 53 Pa. 229, is cited as sustaining this con-
tention.    When Funk v. Haldeman was decided it was ques-
tionable what was the character of oil and whether it was to be
treated as mineral or not.    Chief Justice WOODWARD says:
" Throughout this opinion I have treated oil as a mineral.
Until our scientific knowledge on the subject is increased, this
is the light in which the courts will be likely to regard this
valuable production of the earth.    But out of this results the
difficulty of a strict classification of a right to take it, as an in-
corporeal hereditament.    If a mineral, it is part of the land;
and a right to take land or any part of land is not, strictly speak-
ing, an incorporeal hereditament.    Nor is the right to fire bote,
or plow bote or turves ; and yet, for the want of a better classi-
fication, this is treated in law as an incorporeal interest.    To
the same head is to be referred these oil rights."

Since the decision in Funk v. Haldeman was rendered the
Supreme Court have decided that natural gas is a mineral.    In
their opinion they say:  " Gas, it is true, is a mineral; but it is
a mineral with peculiar attributes, which require the application
of precedents arising out of ordinary mineral rights, with much
more careful consideration of the principles involved than of the
mere decisions.    Water is also a mineral; but the decisions in
ordinary cases of mining rights, etc., have never been held as un-
qualified precedents in regard to flowing, or even to percolating
water.    Water and oil, and still more strongly gas, may be
classed by themselves, if the analogy be not too fanciful, as min-
eral feræ naturæ.    In common with animals, and unlike other
minerals, they have the power and the tendency to escape with-
out the volition of the owner.    Their " fugitive and wandering
existence within the limits of a particular tract is uncertain,"
as said by Chief Justice AGNEW in Brown v. Vandergrift, 80
Pa. 147.    They belong to the owner of the land, and are part
of it, so long as they are on or in it, and are subject to his con-
trol; but when they escape and go into other land, or come
under another's control, the title of the former owner is gone.
Possession of the land, therefore, is not necessarily possession
of the gas.    If an adjoining, or even a distant, owner, drills his
own land, and taps your gas, so that it comes into his well and

under his control, it is no longer yours, but his . " Westmore·
land N. Gas Co. v. DeWitt, 130 Pa. 249.   " Petroleum oil and
natural gas are minerals : " Mrs. J. Marshall v. A. W. Mellon
et al., 179 Pa. 371.

Being a mineral it was by the terms of the deeds and con-
veyances to the plaintiff made divisible, and while the surface
of the land was assessed these gas rights could also be assessed.

" Where the surface of lands and the minerals in place there-
under have been severed by the agreement of conveyance of
the owner, and the respective divisions have become vested in
different owners, the municipal authorities are bound to levy
their taxes according to the ownership and value of these divi-
sions.   And each owner can be made responsible only for the
tax on his interest, whether underlying strata or surface: "
Sanderson v. City of Scranton, 105 Pa. 469 ; The Delaware,
Lackawanna,& Western Railroad Co. v. Sanderson, 109 Pa. 583.

[Being of the opinion that as the deeds and conveyances to
the plaintiff convey all the gas embraced within the land de-
scribed in said deed, the question then recurs whether under
the evidence these gas rights are exempt from local taxation
by reason of the fact that the evidence shows that these gas
rights are necessary and indispensable to the carrying on of the
public business of the corporation.   The evidence shows that
in a considerable portion of this territory there is no gas.   In
the 484 acres conveyed by Dickinson and wife to the plaintiff
the testimony of the superintendent of the plaintiff company is
that about two thirds of that territory is not gas territory and
is worthless.   That in the remaining territory the wells are
giving out and the pressure upon them is diminishing by rea-
son of the large consumption, and that it will be necessary to
drill an additional number of wells in said territory to enable
the company to supply their customers, and in the opinion of
all the witnesses, and no testimony has been offered on the
part of the defendant to contradict it, the land assessed is in-
dispensable and necessary to enable the company to carry out
the purposes of its organization and supply their customers
with gas.] [5]

[Being of the opinion that the plaintiff is a corporation en-
gaged in a business of a public interest, and that as the evidence
shows the gas in the gas rights assessed is essential to the exer-

cise of its corporate franchises for public purposes the exemp-
tion from taxation claimed must be sustained.] [6]

The principle which appears to be recognized in all the cases
is that the public works of a corporation, used as such, with
their necessary appurtenances, and which are essential to the
carrying out of the public purposes of such corporation, are
exempt from taxation: West Chester Gas Co. v. Chester County,
30 Pa. 232. The works of gas companies were held not to be
taxable, and the same thing was again decided in Coatesville Gas
Co. v. Chester County, 97 Pa. 476. In Scranton v. The Scranton
Electric Light and Power Co., it was decided that the property
necessary to carry out the corporate purposes of a corporation
engaged in business of public interest is not liable to local
taxation where such property is included in the capital stock
which pays a state tax: 8 Pa. C. C. R. 626. To the same
effect is Lancaster v. Edison Electric Illuminating Co., 8 Pa.
C. C. R. 631. "A public corporation is one which cannot
carry out the purposes of its organization without charter rights
from the commonwealth. Railroads, canals and gas companies
must have the right of eminent domain in order to perform
their functions. Their property, which is indispensable to
their charter rights, is represented by their capital stock, and
as such is taxed specially by the legislature, and the law will
not subject it to duplicate taxation by mere inference:" Schuyl-
kill Co. v. Citizens' Gas Co., 148 Pa. 162.

But it is contended by defendant that if the assessment of
taxes was illegal, a bill for injunction is not the proper remedy
that plaintiff should have proceeded in the manner provided by
the act of assembly, and appealed from the assessment. This
contention is untenable. In case of Banger's App., 109 Pa.
91, the Supreme Court said: "It was urged that a court of
equity will not interfere to restrain the collection of taxes, but
will leave the party aggrieved to his remedy at law. This is
true where tax is lawfully assessed or where the matters com-
plained of are mere irregularities in the valuation or assessment,
but where there is want of power to tax or disregard of the
constitution in the mode of assessment, we have no doubt of
the power and the duty of a court of equity to interfere:" St.
Clair School Board's App., 74 Pa. 256; Wheeler v. City of
Philadelphia, 77 Pa. 338; Kitty Roup's Case, 81*Pa. 211.

" In the case of Moore v. Taylor, 147 Pa. 481, the property had been exempt for a part of a year, but the exemption ceased and it was then assessed. And it was properly held in that case that as the property was liable to taxation the remedy of the party aggrieved was by appeal and that a bill of equity would not lie : " St. Mary's Gas Co. v. Elk County, 15 Pa. C. C. R. 411.

The house assessed to plaintiff is not exempt from taxation as it is merely used for the convenience of the company and is, therefore, taxable; and as to the taxes upon that the decree enjoining their collection must be refused.

[And now, March 27, 1897, this cause came on to be heard and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the county of Elk and the treasurer of said county, the council of the borough of Johnsonburg, its agents and officers, the township of Ridgway, its supervisors, agents and officers, the school directors of the borough of Johnsonburg, their agents and officers, the school directors of the township of Ridgway, their agents and officers, be and are hereby perpetually enjoined and restrained from collecting the county, road, school and poor taxes assessed and levied upon the land of plaintiff described in the bill.] [7]

*Errors assigned* were (1–6) portions of the opinion as above indicated; (7) the decree of the court.

*W. S. Hamblen*, for appellants.

*C. H. M' Cauley*, for appellee.

Per Curiam, May 15, 1899 :

This appeal involves substantially the same principles that were applied to a somewhat similar state of facts in St. Mary's Gas Co. against the same defendants, No. 246, January term, 1897, ante, p. 458, in which a per curiam opinion has just been filed, affirming the decree.

We find nothing in the record that would justify us in sustaining either of the specifications of error. All the questions of fact and of law, presented by them, have been so fully considered and satisfactorily determined by the court below that

nothing can be profitably added to what will be found in its opinion.

For these, and other reasons, suggested in the per curiam opinion above referred to, the decree of the court below is affirmed on the opinion of its learned president, and the appeal is dismissed at appellant's costs.